# Law Offices of Larry McCord and Associates

1291 Straight Path
North Babylon, NY 11704
(631) 643-3084 Fax (631) 491-8554

Larry J. McCord, Esq.                                                            April Rosenblum, Paralegal

April 12, 2010

**VIA ECF**
Honorable William D. Wall
United States Magistrate Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip NY 11722-9014

                                    Re: Connolloy et al v. Kaiser, Cabrera et al
                                        Index No 07 CV3282 (JS) (WDS)

Dear Magistrate Judge Wall,

   This office represents the plaintiffs in the above action. This letter is to respectfully request the granting of certain relief which, plaintiffs urge, is essential to ensure they will have a full opportunity to properly present their claims. Specifically, plaintiffs on this motion request that permission be granted to name an expert witness and, for leave to file an untimely demand for trial by jury. Plaintiffs also oppose defendants' request for a summary judgment conference, and reserve plaintiffs' right to seek summary judgment if they be so advised.

Introduction

   This is an action by plaintiffs Eileen Connolly, Darlene Lelle, Paulette Honick and Lorraine Serraino against their former employer, defendant T. J. Maxx, sued as The TJX Companies, Inc. and the employment supervisors, defendants Rick Kaiser and Armando Cabrera. Plaintiffs allege sexual harassment in the work place by defendant Rick Kaiser and the wrongful termination of plaintiff's employment after they complained about the sexual harassment.

   Plaintiff's causes of action are based on Title VII of the Civil rights act of 1964, 42 U.S.C. Sec. 2000e <u>et</u> <u>seq.</u>  The dispute was originally filed in the Supreme Court State of New York, then remanded to the U. S. District Court in Central Islip, N.Y.

<u>Recent</u> <u>Activity</u>

   By Status Report filed with the Court on March 22, 2010 counsel for plaintiffs advised that plaintiffs' needed to complete discovery and of their intent to file a demand for a trial jury. In response, on March 29, the Court issued an Order declaring that "Discovery in this matter is long closed and the deadline for making a summary judgment motion is long passed." The order scheduled a pre trial conference for April 28. By letter dated March 30, counsel for defendants claimed surprise at the summary judgment ruling and requested that they nevertheless be permitted to submit a pre motion conference request to Judge Seybert.

   On April 2, the Court granted the request that defendants could file a pre motion conference before Judge Seybert by April 16, 2010. The Order further provided that if the parties believe further discovery is necessary, motion practice will be required showing good cause for allowing any further discovery, other than depositions of expert witnesses.

The within motion is to respectfully request that plaintiffs be permitted a period of 30 days in which to: secure and name a witness who can give opinion evidence on damages suffered by plaintiffs and, for leave to file a demand for trial by jury.

Pursuant to the Individual Rules of Judge Magistrate Wall, a phone conversation with opposing counsel was held on April 9 to resolve some of the issues, but no agreement was reached. Accordingly, it is necessary to request the Court's intervention to allow plaintiffs to rectify any procedural errors that counsel may have incurred.

<u>Request</u> <u>to</u> <u>Name</u> <u>Expert</u>

Good cause- Counsel acknowledges that this case has not moved with celerity. As the record shows, the action was brought in Supreme Court State of New York. Defendants filed a Notice of Remand. Plaintiffs moved to vacate the Remand, and return the action to state court. The motion process, which obviously was unfavorable to plaintiffs, took the better part of a year.

During that period neither side moved expeditiously. As a sole practitioner with limited staff and a workload that was beyond my capacity, there have been problems meeting some of the discovery deadlines. (The record will show that I was sanctioned and required to pay $500 to Defendants counsel due to failure to meet a discovery demand.) I am able to now report that I have reduced my workload and can devote the time required to move this case forward.

Financial constraints. In late 2009, plaintiffs named an expert who was to provide an opinion on the issues of emotional and mental damages which plaintiffs suffered when they were fired for "stealing". Plaintiffs initially believed they could pay for the services of the expert, but when the time came they were unable to raise the fee and we had to withdraw the expert's name. Clearly, this hardship is a serious detriment in presenting valuable evidence on plaintiffs' behalf.

A party should not be prevented from the proper presentation of their case due solely to financial hardship. Although plaintiffs do not qualify for "in forma pauperis" status, they have been unable to afford the costs associated with this case. Ironically, one major cause of plaintiffs' financial plight was being fired by T.J. Maxx. Plaintiffs have renewed their efforts to fund the cost of an expert. We believe this can be done within the next 30 days by retaining an expert with a more modest fee schedule. We ask the Court to permit this brief period of time to obtain an expert's opinion on this vital issue.

<u>Jury</u> <u>Trial</u>

The right to a trial by jury is fundamental. A party seeking a jury trial should not be deprived of the right unless it would somehow be an injustice to allow the case to be so tried.

Plaintiffs concede that in remand cases the party seeking a jury trial must file a demand within 10 days of the filing of the Notice of Remand, and that a demand was not filed within the 10 day period. Plaintiffs seek relief from that error and ask the court to grant leave to file the untimely jury demand, on the grounds that, a) plaintiffs never intended to waive their right to trial by jury and, b) defendants are not prejudiced by having the case tried by a jury.

<u>Cases</u> <u>filed</u> <u>in</u> <u>District</u> <u>Court</u> <u>vs.</u> <u>Remanded</u> <u>Cases</u>

In actions instituted in the District Court, the failure to timely demand a jury trial can be irredeemable, particularly in the Second Circuit. <u>Noonan</u> <u>v</u> <u>Cunard</u> <u>Steamship</u> <u>Co.</u> 375 F.2d.69, 70 (2nd Cir 1967), <u>Westchester</u> <u>Day</u> <u>School</u> <u>v</u> <u>Vill.</u> <u>Of</u> <u>Mamaroneck</u> 504 F.3d 338, 357 (2007).

In remand cases however, the Courts have taken a different view. Considering the fact that plaintiffs did not choose the forum, greater latitude is given to permit untimely jury demands. Under the laws of New York, there is no requirement for a jury demand until after discovery is complete and a Note of Issue is filed. See CPLR 4101. A jury demand is obtained simply by checking a box on the Note of Issue form and payment of the required fee. Plaintiffs expected to

2

follow this procedure, but were precluded by defendants' successful Remand.

In <u>Bianca</u> <u>Jean</u> v. <u>536</u> <u>Realty</u> <u>Associates,</u> <u>et</u> <u>al</u>., 2000 U.S. Dist. Lexis 2049 (EDNY2008) a remand case, this Court allowed a jury demand to be filed even though a year and one half had passed since the judge actually warned plaintiffs of the need to file the demand.

In <u>Perelman,</u> <u>et</u> <u>al</u> v. <u>Camp</u> <u>Androscoggin</u>, 2008 U.S. Dist Lexis 4600, another remand case, (SDNY2008) the court reviewed the Second Circuit array of cases remanded from New York State, and set forth a three part test to determine whether an untimely jury demand should be granted: (1) whether the case is of a type ordinarily tried by a jury; (2) whether the parties have been operating under the assumption that there would be a bench trial: and (3) whether the party would be unduly prejudiced if the court were to grant a jury trial.

Under Rule 39(b) of the Federal Rules of Civil Procedure a District Court judge has broad discretion in granting jury trials even when the moving party's motion is untimely. <u>Zhao</u> <u>v.</u> <u>State</u> <u>University</u> <u>of</u> <u>New</u> <u>York</u> U. S. Dist. Lexis 110369, (EDNY2008) In *Zhao,* an employment case remanded from the Supreme Court State of New York, this court, citing <u>Higgins</u> <u>v.</u> <u>Boeing</u> <u>Co</u>. 526 F.2d 1004,1007(2d. Cir1975); <u>Cascone</u>  <u>v.</u> <u>Ortho</u> <u>Pharm</u> <u>Corp</u>., 702F.2d 389, 392(2d. Cir.1983) and <u>Townsend</u> <u>v.</u> <u>Clairol,</u> <u>Inc</u>. 26 Fed. Appx. 75,78 (2d. Cir. 2002) applied the standards set forth above. In ruling that in remand cases the mere passing of time is insufficient by itself to reject an untimely demand, the court allowed a demand that was untimely by 4 years.

Applying that law, this is an action that is ordinarily tried by a jury, there has never been an assumption that there would be a bench trial and defendants will not be prejudiced by having a jury decide the factual issues of the case. Each element of the three part test has been met. It is respectfully submitted that the request for a jury trial, although untimely, should be granted.

<u>Defendants'</u> <u>request</u> <u>for</u> <u>a</u> <u>Rule</u> <u>56.1</u> <u>pre</u> <u>motion</u> <u>conference</u>

Plaintiffs request that the court deny defendants application for a pre summary judgment motion conference. The basis for the request is that Defendants have, in effect, discarded that option by failing to proceed. Indeed, the court has determined that the time for defendants to make a summary judgment motion has "long passed." Defendants' have failed to show good cause, as required, for failing since 2007 to move for summary judgment. Plaintiffs' believe this 11th hour move is a tactic guaranteed to produce months of delay. Moreover, the reality is that without an incontrovertible, statutory type of defense (jurisdiction, limitations of time, etc.) a <u>defense</u> motion for summary judgment in this type of case (sexual harassment, wrongful termination) may be bordering on frivolity.

It is clear from the extensive interrogatories and depositions that dozens of material issues of fact are present, which would preclude summary judgment in favor of defendants. While not litigating the question here, we wish to point out the real purpose for the request and urge that it be denied. Plaintiffs on the other hand, still claim the need for additional discovery. From that perspective they may not have reached the summary judgment plateau, and request that any adverse ruling as to the timeliness of a summary judgment motion be limited to Defendants only.

Respectfully Submitted,
*Larry J. McCord*
Larry J. McCord

cc: Dov Kesselman, Esq. Attorney for Defendants
    Christie Del Rey, Esq.                                    3