# SEYFARTH SHAW LLP
## ATTORNEYS

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
212-218-5257

Writer's e-mail
jchylinski@seyfarth.com

April 13, 2010

**VIA ECF**

Honorable William D. Wall
United States Magistrate Judge
United States District Court for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722-9014

> Re:  Connolly, et al. v. The TJX Companies, Inc. et al.
> Index No. 07 Civ. 3282 (JS) (WDW)

Dear Magistrate Judge Wall:

As Your Honor is aware, this Firm represents Defendants in the above-referenced action. We regret burdening the Court with additional submissions, however, we are constrained to respond to Plaintiff's counsel's letter dated April 12, 2010 and to request that the Court deny Plaintiffs' belated requests in their entirety.

**Plaintiffs' Belated Request To Name an Expert Should Be Denied**

As Your Honor will recall, on November 5, 2009, the Court held a conference during which Mr. McCord raised for the first time Plaintiffs' desire to obtain an expert in this case. As a result of this last minute request, and despite Plaintiffs' having had years to seek such discovery, the Court granted Plaintiffs' request and ordered that Plaintiffs "shall identify [their] expert witness by November 12, 2009 and serve a Rule 26 report by November 25, 2009." (See November 5, 2009 Order attached hereto as Exhibit A). On November 11, 2009, Plaintiffs identified Andrew P. Levine as their expert. (See November 11, 2009 Letter attached hereto as Exhibit B). Five days later, on November 16, 2009, Plaintiffs retracted this identification, stating that "[a]s of November 12, 2009, the plaintiffs have not named an Expert Witness." (See November 16, 2009 Letter attached hereto as Exhibit C.) No reason was given for this retraction, and Plaintiffs never served a Rule 26 report as required by the Court's November 5th Order. Importantly, Plaintiff also never made any request to the Court for additional time to raise funds or seek any other relief as to an expert. Defendants sent Mr. McCord a letter on November 24, 2009 confirming that "Plaintiffs will not name an expert witness in this case" and that "Plaintiffs' time to name an expert witness [had] expired." (See November 24, 2009 Letter attached hereto as Exhibit D.) Plaintiffs never again raised the issue of retaining an expert, and on that basis Defendants elected not to pursue any rebuttal expert witnesses.

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA

12238261v.2



As the Court noted in its April 2, 2010 Order (see April 2, 2010 Order, attached hereto as Exhibit E), discovery is closed, and indeed has been for Plaintiffs' since their decision not to pursue an expert more than five months ago.  Although Plaintiffs' counsel attempts to manufacture an excuse for his failure -- an unsupported claim of "financial hardship" -- that reason fails to support a finding of "good cause" for several reasons.  All apart from failing to offer any factual support of such hardship (and his acknowledgement that Plaintiffs do not qualify for "*in forma pauperis*" status), or this claim's inconsistency with his request for such discovery just a week earlier at the November 5, 2009 conference, or even an explanation as to how the financial cost of an expert has in any way changed between November 16, 2009 and now, what is most glaring is that Plaintiffs' counsel offers <u>no</u> excuse or any "good cause" as to why he failed to raise this supposed issue with the Court at any time prior to November 16, 2009, <u>or in fact, at any time in the last five months</u>. Plaintiffs' counsel's argument that Plaintiffs might be prejudiced falls far short, because not only is the prejudice caused solely by his own neglect, but to allow Plaintiffs to do so now would unfairly prejudice Defendants.  Indeed, the Courts have repeatedly rejected such arguments.  As the Court held in *R.C.M. Executive Gallery Corp. v. Rols Capital Co.*, No. 93-CV-8571 (JGK), 1996 U.S. Dist. LEXIS 639 (S.D.N.Y. Jan. 24, 1996): "[although Plaintiffs' case] will undoubtedly be prejudiced to some extent by the inability to present expert testimony . . . [Defendants] are prejudiced if they are unable to rely on court-imposed deadlines, and judicial efficiency is impaired if such deadlines are ignored with impunity.  Here, any prejudice that the plaintiffs may suffer is attributable to counsel's inability to adhere to a reasonable schedule."  As such, Defendants respectfully request that the Court deny Plaintiffs' request to reopen expert discovery in its entirety.

**<u>Plaintiff's Request for a Jury Trial Nearly Three Years Late Should Similarly Be Rejected</u>**

Plaintiffs' request for a jury trial is also untimely and should be denied.  In federal court, a party seeking a jury trial must file a demand within ten days after the last pleading is served.  Fed. R. Civ. P. 38.  Although the Court does have the discretion to grant a jury trial pursuant to Fed. R. Civ. P. 39(b), the facts of this case run squarely against the Court exercising such discretion here.

As the Second Circuit has noted, in determining whether to grant a late jury demand, the Court must consider four factors: (1) customary state practice; (2) whether the action is one typically triable by jury; (3) whether the parties have proceeded under the assumption that the case would be tried by a judge; and (4) whether the opposing parties would be unduly prejudiced by a jury trial.  *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 392 (2d Cir. 1983); *Higgins v. Boeing*, 526 F.2d 1004, 1007 (2d Cir. 1975).  Defendants do not dispute that New York state courts have discretion to grant jury demands up until the case is ready for trial or that portions of employment discrimination cases are commonly tried by a jury.

However, this case was removed on August 8, 2007.  Defendants filed their Answer on August 15, 2007 and in doing so, <u>specifically</u> objected to "a trial by jury on Plaintiffs' equitable claims, claims for back pay and front pay, and all other issues as to which a jury is not permitted as of right, as a matter of law." (*See* Answer, Docket No. 2.)  In the face of the Federal Rules of Civil Procedure and despite Defendants' written objection to a jury trial, Plaintiffs <u>never</u> made any effort <u>for nearly three years</u> (approximately thirty-one months) to demand a trial by jury, and Defendants fairly expected that there would be no jury.  Plaintiffs have not demonstrated any prejudice that they



will suffer if this matter is tried to the Court rather than a jury.  Defendants, on the other hand, have relied upon the lack of any jury demand in evaluating potential exposure and engaging in cost-benefit analyses in proceeding with other discovery avenues.  Plaintiffs late jury demand, based on their own neglect, does prejudice Defendants and should be denied.  *See Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, No. 02-CV-2692 (DRH), 2007 U.S. Dist. LEXIS 35851 (E.D.N.Y. May 16, 2007) (denying plaintiff Rule 39(b) relief); *see also Townsend v. Clairol Inc.*, 26 Fed. Appx. 75, 78 (2d Cir. 2002) (upholding denial of late jury demand because defendant "should not be held accountable for plaintiff's choice of attorney" and prejudice would result since defendant engaged in litigation planning and strategy based on the case being a bench trial); *Williams v. J.F.K. Int'l Carting Co.*, 164 F.R.D. 340, 342 (S.D.N.Y. 1996) (denying plaintiff's motion for a jury trial where "the parties have proceeded in discovery for ten months with the understanding that the case would be tried before the Court" and noting Plaintiff's failure to seek a jury trial "until eight months after the action was removed."); *Richards v. Procter & Gamble Mfg. Co.*, 753 F. Supp. 71, 74 (E.D.N.Y. 1991) ("It is well settled in this Circuit that mere inadvertence is not a sufficient ground for the exercise of this Court's discretion under Rule 39(b).")  Given the prejudice to Defendants, the lack of any prejudice to Plaintiffs, and the fact that Plaintiffs' own inadvertence led to their failure to seek a jury trial for thirty one months, Plaintiffs' late jury demand should be denied.

**Plaintiffs' Request to Preclude Defendants from Proceeding With Its Rule 56.1 Pre-Motion Conference Is Both Baseless and Frivolous**

Plaintiffs' final request, to "deny defendants *(sic)* application for a pre summary judgment motion conference" is not only specious, but wastes the Court's time and Defendants' money in having even to respond.  As reviewed in detail by the Court in its April 2, 2010 Order (Exhibit E), and simply ignored by Plaintiffs' letter -- this Court granted permission to Defendants to file a request for a pre-motion conference before Judge Seybert by April 16, 2010 because it had long since been prepared to file the pre-motion conference letter, Defendants had timely exchanged the Rule 56.1 Statements in anticipation of permission to proceed with summary judgment, and the Court's initial contrary conclusion was based on Plaintiff's own misleading status report to the Court.  As such, the Court was plainly correct in permitting Defendants to proceed with the pre-motion conference letter, and Plaintiffs offer nothing to the contrary.[1]  Finally, Plaintiffs' request that the Court find that their own failure to timely exchange 56.1 Statements in support of their own motion for summary judgment should be excused should be rejected out of hand.

Respectfully submitted,

SEYFARTH SHAW LLP

s/ Jeremi Chylinski

cc:     Larry J. McCord, Esq. *(via ECF)*
        Dov Kesselman, Esq.

---

[1]     As to Plaintiffs' claim that "dozens of material issues of fact are present," Plaintiffs' Response to Defendants' Statement Pursuant to Local Rule 56.1 makes clear that the material issues are in fact undisputed, and compel the dismissal of Plaintiffs' claims, as will be made clear in Defendants' motion.