# PLAINTIFFS' RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

LARRY J. McCORD, ESQ.
Law Offices of Larry McCord & Associates
1291 Straight Path Road
North Babylon, New York 11704
(631) 643-3084

Attorney for Plaintiffs Eileen Connolly, Paulette Honick,
Darlene Lelle, and Lorraine Serraino

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EILEEN CONNOLLY, PAULETTE HONICK,
DARLENE LELLE and LORRAINE SERRAINO,          **ECF CASE**

                                    Plaintiffs,          07-CV-3282 (JS)(WDW)

          -against-                                      **PLAINTIFFS' RESPONSE TO**
                                                        **DEFENDANTS' STATEMENT**
THE TJX COMPANIES, INC., RICK KAISER,          **PURSUANT TO LOCAL**
and ARMANDO CABRARRA,                           **RULE 56.1**

                                    Defendants.
-------------------------------------------------------------------X

          Plaintiffs, EILEEN CONNOLLY, PAULETTE HONICK, DARLENE LELLE,

and LORRAINE SERRAINO, by and through their undersigned attorney and pursuant to

Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submit the

following response in opposition to Defendants' motion for summary judgment:

## DEFENDANTS' PROPOSED UNDISPUTED FACTS
## BACKGROUND FACTS

1.    Undisputed.

2.    Undisputed.

## CONNOLLY

3.    Undisputed.

4.    Undisputed.

5.    Undisputed.

6.    Disputed on the ground that the phrase "terminated on June 23, 2005 for violation of the company's layaway policy and for causing a loss to the company" are not facts but are legal conclusions of issues at the heart of this case.

## HONICK

7.    Undisputed.

8.    Undisputed.

9.    Undisputed.

10.    Disputed on the ground that the phrase "terminated on June 23, 2005 for violation of the company's layaway policy and for causing a loss to the company" are not facts but are legal conclusions of issues at the heart of this case.

## LELLE

11.    Undisputed.

12.    Undisputed.

13.    Undisputed.

14.    Disputed on the ground that the phrase "terminated on June 23, 2005 for violation of the company's layaway policy and for causing a loss to the company" are not facts but are legal conclusions of issues at the heart of this case.

## SERRAINO

15.    Undisputed.

16.    Undisputed.

17.    Undisputed.

18.     Disputed on the ground that the phrase "terminated on June 23, 2005 for violation of the company's layaway policy and for causing a loss to the company" are not facts but are legal conclusions of issues at the heart of this case.

## TJX

19.     Undisputed except as to the term "absolutely" as Plaintiffs claim that Defendant TJX failed to prohibit unlawful discrimination, harassment and retaliation in the workplace.

20.     Undisputed.

21.     Undisputed.

22.     Undisputed.

23.     Undisputed except to the extent that Plaintiffs testified that one year, the Code of Conduct book they received was written in Spanish. (Connolly Dep. 40-41; Lelle Dep. 48-49; Serraino Dep. 43-44).

## KAISER

24.     Undisputed.

25.     Undisputed.

26.     Undisputed.

27.     Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

28.     Undisputed.

## CABRERA

29.     Undisputed.

30.     Undisputed.

31.     Undisputed.

32.     Undisputed.

## Allegations By Lelle of Poor Store Conditions and Sexual Harassment Against Kaiser

33.     Undisputed.

34.     Undisputed.

35.     Undisputed.

36.     Undisputed.

37.     Undisputed.

38.     Undisputed.

39.     Undisputed.

40.     Undisputed.

41.     Undisputed.

42.     Undisputed.

43.     Undisputed.

44.     Undisputed.

## The Investigation Into Lelle's Complaint

45.     Undisputed.

46.     Undisputed.

47.     Undisputed.

48.     Undisputed.

49.     Undisputed.

50.     Disputed. (Connolly Dep. 107-108).

51.     Undisputed.

52.    Undisputed.

53.    Undisputed.

54.    Undisputed.

55.    Undisputed.

56.    Disputed: (Honick Dep. 260).

57.    Disputed.  Plaintiff Honick complained to other store associates and assistant managers and to Human Resources employees when they visted the store.

58.    Undisputed.

59.    Undisputed.

60.    Undisputed.

61.    Disputed: (Lelle Dep. 192-193).

62.    Undisputed.

63.    Undisputed.

64.    Undisputed.

65.    Undisputed.

66.    Undisputed.

67.    Disputed: Plaintiff Serraino testified that other employees joked around "occasionally" and that she did not find their comments offensive. (Serraino Dep. 303-304).

68.    Disputed: Plaintiff Serraino stated that she discussed Kaiser's inappropriate conduct with Assistant Manager Steve DiGioia, Assistant Manager Lori Wachtel. (Serraino Dep. 155).

69.    Undisputed.

70.    Undisputed.

71.    Undisputed.

72.    Undisputed.

73.    Undisputed.

74.    Undisputed.

75.    Undisputed.

76.    Disputed: Defendant Kaiser apologized for his behaving inappropriately. He was the one who was directed by Defendant Cabrera and Human Resources that all future conversations in the store had to be business related. He did not direct the store employees that conversations in the store had to be business related. Furthermore, Defendant Kaiser was directed to cease engaging in any inappropriate conversations of a sexual nature—he did not so direct the store employees. (Kaiser Dep. 69; Cabrera Dep. 121-124).

77.    Undisputed.

78.    Disputed: Kaiser did not receive a written Final Warning for his "participation in conversations of an inappropriate nature." Rather, Kaiser received a written Final Warning for "having inappropriate conversations with associates of a sexual nature." Kaiser admitted that he had violated the company policy. (Plaintiffs' Exhibit 8).

79.    Undisputed.

80.    Undisputed.

81.    Disputed: Defendant Cabrera testified that he did not ascertain whether Defendant Kaiser's inappropriate conduct had ceased after his apology. He never

specifically asked any store employee whether Kaiser had made any further inappropriate remarks. He testified that they were aware that they could talk to him and his way of initiating conversations with them was by asking "How are you doing?" and "Is everything okay?" (Cabrera Dep. 125-127).

## Plaintiffs' Abuse of the TJX Layaway Policy

82. Undisputed.

83. Undisputed.

84. Undisputed.

85. Undisputed, however, the managers did not adhere to the company's written policies. Even Defendant Kaiser admitted that he had extended employee layaways in violation of the company's policy. (Kaiser Dep. 24-28).

86. Undisputed.

87. Undisputed.

88. Undisputed.

89. Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

90. Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

91. Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

92. Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

93. Undisputed to the extent that Plaintiffs lack the knowledge to dispute

Defendants' assertion.

94.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

95.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

96.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

97.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

98.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

99.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

100.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

101.    Undisputed except as to the phrase "waiting for numerous markdowns to accumulate and then applying those significant markdowns to their layaway merchandise." Plaintiffs' reasons for rolling over layaways was not to take advantage of multiple markdowns, but rather, because they could not afford to purchase all of the merchandise at once. (Connolly Dep. 299-300; Honick Dep. 263-265; Lelle Dep. 424; Serraino Dep. 314).

102.    Disputed: Plaintiffs could not cancel their own layaway transactions—a

manager's approval was necessary for cancellations, even if they were often lax in fulfilling their duty. (Honick Dep. 259; Serraino Dep. 311-312; Cabrera Dep. 86-87). The managers had knowledge that Plaintiffs regularly rolled over layaways. (Connolly Dep. 79-81; Honick Dep. 93-95; 262-263; Lelle Dep. 212-225; Serraino Dep. 187-188).

103.    Disputed: Plaintiffs placed items back on layaway because they could not afford to purchase all of the items, not to take advantage of multiple discounts.

104.    Disputed: The company's written policies and procedures did not explicitly prohibit layaway rollovers. (Kaiser Dep. 41-43).  In fact, Defendant Cabrera testified that customers could roll-over layaways. (Cabrera Dep. 79).

105.    Undisputed except as to the term "interviewed;" Plaintiffs were interrogated by the Loss Prevention agents.

106.    Undisputed.

107.    Undisputed except as to the term "interviewed;" Plaintiff Connolly was interrogated by Mark Ballew.

108.    Undisputed except as to the term "interviewed;" Plaintiff Honick was interrogated by William Jannson.

109.    Undisputed except as to the term "interviewed;" Plaintiff Lelle was interrogated by Kevin Gillese.

110.    Undisputed except as to the term "interviewed;" Plaintiff Serraino was interrogated by William Ahern.

111.    Undisputed except as to the term "interviewed;" Carol Hobel was interrogated by William Jannson.

112.    Disputed: Phyllis Ferraro did not abandon her job and fail to return to

work. Ms. Ferarro did return to work and chose to resign.

113.    Disputed: Each of the plaintiffs stated that they did not believe their actions caused a loss to the store—they were forced to sign admissions. Plaintiffs were coerced into signing admissions. (Connolly Dep. 310-311; Honick Dep. 266; Lelle Dep. 435-436; Serraino Dep. 249-250; 317-318).

114.    Undisputed as to the fact that statements were written by Plaintiffs and Ms. Hobel admitting to the company violations and loss to the company. However, Plaintiffs maintain that they were coerced to write such statements. The statements are not the product of their own free will. (Connolly Dep. 310-311; Honick Dep. 266; Lelle Dep. 435-436; Serraino Dep. 206-209; 249-250; 317-318).

115.    Undisputed, however, again, Plaintiffs Connolly, Honick, and Serraino state that they were forced to sign the promissory notes. (Serraino Dep. 206

### Terminations

116.    Undisputed.

117.    Disputed: Plaintiffs were terminated in retaliation for complaining about unwanted sexual harassment (Connolly Dep. 120; Honick Dep. 150; Lelle Dep. 208-210; 212; Serraino Dep. 169-170).

118.    Undisputed to the extent that Plaintiffs lack the knowledge to dispute Defendants' assertion.

119.    Disputed: Plaintiffs were terminated in retaliation for complaining about

unwanted sexual harassment. (Connolly Dep. 120; Honick Dep. 150; Lelle Dep. 208-210;

212; Serraino Dep. 169-170).

Dated:  North Babylon, New York
        October 22, 2009

_____
Larry J. McCord, Esq.
1291 Straight Path Road
North Babylon, New York  11704
(631) 643-3084

Attorney for Plaintiffs
Eileen Connolly, Paulette Honick,
Darlene Lelle, and Lorraine Serraino