# SEYFARTH SHAW LLP
### ATTORNEYS

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-5257

Writer's e-mail
jchylinski@seyfarth.com

April 23, 2010

**VIA ECF**

Honorable William D. Wall
United States Magistrate Judge
United States District Court for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722-9014

    Re:    Connolly, et al. v. The TJX Companies, Inc. et al.
             Index No. 07 Civ. 3282 (JS) (WDW)

Dear Magistrate Judge Wall:

      We write in response to Plaintiffs' April 21, 2010 letter motion ("Pl. Mem.") requesting reconsideration of the Court's April 15, 2010 Order denying Plaintiffs' untimely demand for a jury trial. Plaintiffs' letter does not offer any new caselaw nor any basis for reconsideration, and is instead nothing more than an impermissible attempt to "reiterate or repackage an argument previously rejected by the court." PAB Aviation, Aviation, Inc. v. United States, No. 98-CV-5952 (JG), 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000). For the reasons set forth below, Defendants respectfully request that the Court uphold its April 15 Order and deny Plaintiffs' request.

**Plaintiff's Request for Reconsideration is Improper and Should Be Rejected**

      Local Civil Rule 6.3 allows a party to move for reconsideration of a court's decision in light of "matters or controlling decisions which counsel believes the court has overlooked." The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Arum v. Miller, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result."); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (reconsideration of an order is an "extraordinary remedy to be employed sparingly in the interests of finality and [to conserve] scarce judicial resources.") (internal citations omitted); Bell Sports, Inc. v. System Software Assocs., Inc., 71 F. Supp. 2d 121, 125-26

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



(E.D.N.Y. 1999) (noting that a party seeking reconsideration bears a "difficult burden . . . in order to dissuade repetitive arguments") (internal citations omitted).

Here, Plaintiffs do not offer any new caselaw, and merely reargue the same cases cited in their initial letter motion and already considered by the Court. Indeed, the Court's April 15, 2010 Order makes clear that — far from "overlook[ing] matters or controlling decisions" — the Court plainly and carefully reviewed the caselaw cited by both parties. Plaintiffs' disagreement with the decision is far from sufficient, and the Courts have repeatedly held that where, as here, a self-styled "motion for reconsideration" is in fact nothing more than an attempt to reiterate and repackage an argument previously rejected by the Court, it should be denied out of hand. PAB Aviation, Aviation, Inc. v. United States, No. 98-CV-5952 (JG), 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000) (A motion for reconsideration is not an opportunity to reiterate or repackage an argument previously rejected by the court; "that argument is for appeal."). See also Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790); Brown v. J.F.H. Mak Trucking, No. 95-CV-2118, 1999 U.S. Dist. LEXIS 17831, at *3 (E.D.N.Y. Oct. 5, 1999) (noting that a motion to reconsider "may not be used as a substitute for an appeal"); Resource N.E. of Long Island v. Town of Babylon, 80 F. Supp. 2d 52, 64 (E.D.N.Y. 2000) ("[A motion to reconsider] is not a vehicle to reargue those issues already considered when a party does not like the way the original motion was resolved").

**Plaintiffs' Arguments Are In Any Event Without Basis**

Plaintiffs argue that Defendants' objection to a jury trial in their August 15, 2007 Answer (see Answer, Docket No. 2), somehow demonstrates that Defendants "expected a jury trial from the beginning" and therefore that its prejudice must be a "contrivance" or "cavalier afterthought." (See Pl. Mem., p 1.) Plaintiffs' argument ignores reality. Indeed, Defendants objected to a jury trial on any issues to which Plaintiffs were not entitled as a matter of right at the very first opportunity in order to protect itself because Defendants were plainly cognizant at that time — nearly three years ago, and at the very start of the action — that Plaintiffs might yet demand a jury trial within ten days of its Answer, as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 38. With the passage of time, however, Plaintiffs' failure to demand a jury in the nearly three years since this case started obviously resulted in Defendants' reasonable expectation that there would be no jury. Notably, Plaintiffs do not offer any caselaw support to rebut that the specific prejudice attested to by Defendants in its memorandum more than suffices to preclude Plaintiffs' far-belated effort or that separate affidavits are required. (See Pl. Mem. at 2, ¶ C.) And, as the Court correctly concluded, the caselaw indeed supports the rejection of Plaintiffs' belated demand in this case. See Townsend v. Clairol Inc., 26 Fed. Appx. 75, 78 (2d Cir. 2002); Williams v. J.F.K. Int'l Carting Co., 164 F.R.D. 340, 342 (S.D.N.Y. 1996).

Plaintiffs also badly misapprehend Defendants' prejudice argument in suggesting that the parties' agreement to delay any depositions of Plaintiffs' treating physicians (not experts) for

12267319v.2



damages issues until after a ruling on summary judgment in some way contradicts Defendants' reliance upon the lack of any jury demand.  (Pl. Mem. at 2, ¶ B(2).)  The agreement by the parties to delay depositions of Plaintiffs' treating doctors had nothing to do with whether this case would be tried to a jury or a judge (indeed, Defendants assumed by this point that it would be a bench trial).  Rather, this joint decision was an effort to reduce the potentially unnecessary cost of such depositions given that Plaintiffs' claims might well be dismissed in their entirety on summary judgment, and thus the cost of such depositions would be avoided.  It had nothing to do with the prejudice at issue here, and Plaintiffs' argument fails accordingly.

Finally, while Plaintiffs merely repeat their reliance on the same cases already considered and properly rejected by the Court, Plaintiffs' heavy reliance on <u>Jean v. 536 Realty Assocs.</u>, 97-CV-5075 (EHN), 2000 U.S. Dist. LEXIS 2049 (E.D.N.Y. Jan. 6, 2000) in support of their motion for reconsideration bears comment.  In <u>Jean</u>, the Court's decision to grant a late jury demand was based on several key factors that are simply not at issue here.  Critically, although the plaintiffs' jury demand in that case was made two years after the case was *removed* (as opposed to almost three years in this case), the other parties to the action had filed pleadings very late in the action and <u>only *three months*</u> passed from the time of their last pleadings and Plaintiff's jury demand, such that the Court there concluded that there was no real prejudice.  Not so here.  Moreover, in <u>Jean</u> there had been discussions during a court conference of the plaintiff's need to file a jury demand, such that the defendants had been on explicit notice of the plaintiff's intent from the start.  No such discussions took place in the case at bar.  As such, in the fact-intensive analysis required in these cases, <u>Jean</u> is wholly distinguishable, and the Court properly denied Plaintiffs' belated motion to file a late jury demand.

For each of the reasons set out above, and as set out in Defendants' April 13, 2010 letter to the Court on Plaintiffs' initial motion, Defendants respectfully request that the Court deny Plaintiffs' motion and uphold its April 15, 2010 Order.

      Respectfully submitted,

      SEYFARTH SHAW LLP

      s/ Jeremi Chylinski

cc:     Larry J. McCord, Esq. *(via ECF)*

12267319v.2