# Larry McCord and Associates, LLC
Attorney's and Counselors at Law
*1291 Straight Path*
*West Babylon, New York 11704*
Phone: 631-643-3084 Fax: 631-491-8554

*Larry J. McCord, Esq.*

*Mary-Bath Abbate, Esq.*
*April Rosenblum, Paralegal*

June 24, 2010

**VIA ECF**
Honorable Joanna Seybert
United States District Court Judge
United States District Court for the Eastern District          Re: Connolly et al v. Kaiser, Cabrera et al
100 Federal Plaza                                                              Index No. 07 CV3282 (JS) (WDW)
Central Islip NY 11722-9014

Dear Judge Seybert,
This office represents Plaintiffs Eileen Connolly, Darlene Lelle, Paulette Honick and Lorraine Serraino. By reason of false claims made to the Court by counsel for defendants, plaintiffs are compelled to make this motion pursuant to Rule 11(b) Federal Rules of Civil Procedure, for an order which, determines that: Seyfarth Shaw, LLP., and Dov Kesselman, Esq. counsel for defendants T.J. Maxx., Kaiser and Cabrera:
    a) have violated the provisions of Rule 11(b) FRCP, and,
    b) must withdraw any statement which claims that any of the plaintiffs, Eileen Connolly, Darlene Lelle, Paulete Honick, or Lorraine Serraino has engaged in, any fraud while employed at T.J. Maxx, and,
    c) further determines that by reason of the willful misstatements and disregard of the Rules a motion for sanctions as provided by Rule 11(c)FRCP, is authorized, and,
    d) grants plaintiffs such other relief as may be proper.

Background

This is an action by the above plaintiffs against their former employer, defendant T. J. Maxx, and supervisors defendants Rick Kaiser and Armando Cabrera. Plaintiffs claim they were sexually harassed at work by Store Manager, Kaiser and that after filing complaints Maxx retaliated by firing them. Defendants' claim that any sexual harassment was remedied and that termination was due to misconduct in renewing layaway purchases, which caused a loss to the store. Defendants rely on statements plaintiffs gave to store detectives stating that what they did was wrong. Plaintiffs' claim they did nothing wrong, their sales were approved by managers, and that they were coerced and fraudulently induced into giving statements in order to keep their jobs.

By letter of April 15, 2010, to your Honor, (Document 45) Defendants' counsel Dov Kesselman, Esq., requested a Rule 56 pre motion conference. A copy of the letter is annexed as Exhibit "A" In the letter counsel used the term "fraud", many times, without foundation or any particularity, to describe the actions of the plaintiffs which caused them to be terminated.

Worse, and also without foundation, counsel devoted more than half a page, headlined: <u>Plaintiffs' Admitted Fraud,</u> to defend the terminations. Since however, there was never any fraud, counsel could not cite any instance where such fraud was ever committed or admitted. Plaintiffs view the letter as an outrageous effort to portray them as confessed thieves.

In reply, by letter of May 6, annexed as Ex B, plaintiffs alerted counsel that the April 15 letter violated Rule 11(b). Under 11(b) an attorney making claims in a pleading or other paper certifies that to the best of the person's knowledge …, and belief, formed after an inquiry reasonable under the circumstances:  (2) the claims, defenses, and other legal contentions are warranted by existing law…; and (3) the factual contentions have evidentiary support …". Since the contentions of "admitted fraud" had no evidentiary support, and were not warranted by existing law, the fraud claims should have been completely retracted. Instead, the request was rejected.

Due to the rejection, on May 13, plaintiffs served a second request for withdrawal of the fraud charges along with a letter motion dated June 21, citing the legal authority for their position. Due to the "safe harbor" provisions of Rule 11 allowing defendant to withdraw objectionable matter within 21 days, the motion was not then filed. A copy of that motion, which in substance is the same as the within motion, is annexed as Ex C. Thus, opposing counsel had two opportunities to remove patently false claims that could not be supported, but still refuses to do so.

By letter of June 18, to request a conference (Document # 55) Exhibit "D" counsel finally conceded there was no "admitted fraud". Regrettably however counsel went on to insist, again without support, that plaintiffs had nevertheless engaged in fraudulent conduct. Plaintiffs contend that the June 18 letter is not a retraction of the fraud charges but another incident of the same violation of Rule 11(b). The difference is only in form. The substance has been recycled, but not changed. Accordingly, and due to counsel's persistence in asserting bogus fraud claims, this motion is required. Plaintiffs will not allow themselves to be sullied by false charges.

Plaintiffs claim that defense counsel's letter communications are designed to influence the Court toward plaintiffs in a negative way. Despite assertions to the contrary we see no other purpose. Since fraud is a very pejorative charge, unless supported, it must not be thrown about to smear plaintiffs. For that very reason fraud has its own rule to prevent misuse. FRCP Rule 9 (b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake". Counsel has repeatedly ignored Rule 9(b) to create Rule 11(b) problems.

Mr. Kesselman made no effort to seek evidentiary support for the disingenuous claims. Had he done so he would have realized that the term 'fraud': does not appear anywhere in: a) the 48 page Answer and Counterclaim his firm filed, b) the 200 pages of testimony that defendant Cabrera (Regional Manager) gave during his deposition c) the nearly 100 pages of testimony that defendant Rick Kaiser (Store Manager for TJ Maxx) gave during his deposition or, d) any other place in defendants litigation posture. The character assassination was based solely on the intent to influence the Court. Mr. Kesselman has created the charge out of thin air.  It is inflammatory and highly prejudicial. He and his firm should be sanctioned.

<u>Applicable Law</u>

Effect of a letter as "other paper". Although Rule 11(b) relief is for the most part concerned with pleadings, it also refers to "written motions or other paper". In the case of <u>Re Highgate Equities, Ltd, Klein, v.Wilson, Elser, Moskowitz. Edelman & Dicker and Tillem</u>, 279 F.3d 148; 2002 U.S. App. LEXIS 1433 the Second Circuit reviewed 11(b) cases involving letters as 'other paper.

The court noted the judicial reluctance to characterize a letter generally as an 'other paper' on weighing <u>Rule 11</u> sanctions." *<u>Legault v. Zambarano</u>,* <u>105 F.3d 24, 27 (1st Cir. 1997)</u>;  *see also* <u>Curley v. Brignoli Curley & Roberts, Associates</u>, 128 F.R.D. 613, 616 (S.D.N.Y. 1989), but courts have done so where the letter in question was in effect a motion in disguise, *See, e.g.,* <u>Legault</u>, 105 F.3d at 28 (sanctions were appropriate where letter was sent "with the intent to influence the court" Citing its ruling in <u>O'Brien v. Alexander, 101 F.3d 1479, (2d Cir. 1996)</u>, the Court noted: "We have held that under <u>Rule 11(b)(3)</u>, "sanctions may not be obtained unless a particular allegation is utterly lacking in support." Clearly, letters designed to influence the court are included in 11(b) treatment and, that charges utterly lacking in support qualify for sanctions. Here, the April 15 letter is actually a motion in disguise. It does not "briefly state the basis for the anticipated motion" as required by Judge Seybert's Rules (IV E 2) Instead, it is the embodiment of a motion in all respects, complete with argument, citations and legal conclusions, most of which are premised on the false claim of  "admitted layaway fraud". As applied here, the letter is a motion in disguise designed to influence the Court, and is clearly Rule 11(b) (2) (3) subject matter. If the claims are not warranted by existing law (b) (2), or are utterly lacking in support (b) (3), relief must be granted to plaintiffs. The repeated charges of "admitted fraud", fail on both counts. As to "well grounded in fact", as shown below there are no supporting facts. Likewise, under existing law, the first element of fraud, a misrepresentation, does not exist.

Although in this Circuit 11(b)sanctions should be imposed with caution and doubts should be resolved in favor of the pleading signer, <u>Anyanwu v Columbia Broadcasting System</u> 887 F. Supp. 690 (1995 SDNY), here, there is nothing to doubt. The trumpeted charge of 'admitted fraud' is unequivocal and its replacement, "fraudulent conduct", blares out for recognition and maximum impact. If the claim is not "well grounded in fact" or (law) a Rule 11(b) violation has occurred. <u>Farino v. Advest, Inc</u>. 111 F.R.D. 345 (EDNY1986). In <u>City of Yonkers v Otis Elevator</u> 106 F.R.D. 524  1995 (SDNY) affirmed, 844 F.2d 42; 1988 U.S. App. LEXIS 4482, plaintiff's allegations of fraud violated Rule 11 and they were ordered to pay $5,000 to defendant's counsel where there was no factual basis for any claim of fraud in the case. See also <u>Banco Portugues Do Atlantico</u> v. <u>Magi France, Ltd</u>., 1990 U.S. Dist. LEXIS, citing <u>Pavelic & LeFlore v. Marvel Entertainment Group, 58 U.S.L.W. 4038, 4039</u> (U.S. Dec. 5, 1989).See also <u>Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)</u>" An 11(b) violation has occurred. Plaintiffs have been sullied by the charges and require a full retraction. In addition, sanctions are due for willful refusal to make retractions without Court intervention. Respectfully,

Larry J. McCord
cc: Dov Kesselman, Esq.
Courtesy copy to Magistrate Judge William D. Wall