# EXHIBIT C

# Law Office of Larry J. Mc Cord and Associates, LLC
*1291 Straight Path*
*West Babylon, New York 11704*
Phone: 631-643-3084 Fax: 631-491-8554

*Larry J. McCord, Esq.*

*Mary-Bath Abbate, Esq.*
*April Rosenblum, Paralegal*

May 13, 2010


Dov Kesselman, Esq.                     **VIA E-MAIL**
Seyfarth Shaw LLP
620 Eighth Ave.
New York, NY 10018-1405
dovkesselman@seyfarth.com


Re: Connolloy et al v. Kaiser, Cabrera et al
Index No 07 CV3282 (JS) (WDS)

Dear Mr. Kesselman,

Attached is a copy of the Motion that plaintiffs will be filing if there is no retraction of the objectionable statements. Hard copy will follow.

Pursuant to the safe harbor provisions of [Fed. R. Civ. P. 11(c)(1)(A)](#) the motion will not be filed with the Court until June 21, 2010, unless retraction is made by that date.



Yours truly,


Larry J. McCord, Esq.

# Larry McCord and Associates, LLC
Attorneys & Counselors at Law
1291 Straight Path
North Babylon, NY 11704
(631) 643-3084 Fax (631) 491-8554

June 21, 2010

**VIA ECF**
Honorable Joanna Seybert
United States District Court Judge
United States District Court for the Eastern District
100 Federal Plaza
Central Islip NY 11722-9014

Re: Connolloy et al v. Kaiser, Cabrera et al
Index No 07 CV3282 (JS) (WDS)

Dear Judge Seybert,
This office represents Plaintiffs Eileen Connolly, Dartlene Lelle, Paulette Honick and Lorraine Serraino. By reason of false claims made to the Court by counsel for defendants, plaintiffs are compelled to make this motion pursuant to Rule 11(b) Federal Rules of Civil Procedure, for an order which, determines that: Seyfarth Shaw, LLP., and Dov Kesselman, Esq. counsel for defendants T.J. Maxx., Kaiser and Cabrera:
   a) have violated the provisions of Rule 11(b) FRCP, and,
   b) must withdraw any statement which claims that any of the plaintiffs, Eileen Connelly, Darlene Lelle, Paulete Honick, or Lorraine Serraino has engaged in, any fraud, or that they admitted that they engaged in any fraud while employed at T.J. Maxx, and,
   c) further determines that by reason of the willful misstatements and disregard of the Rules a motion for sanctions as provided by Rule 11(c)FRCP, is authorized, and
   d) grants plaintiffs such other relief as may be proper.

This motion is necessitated by counsel's refusal to retract the statements as requested by plaintiffs' counsel's letter of May 6, 2010. The letter, a copy of which is annexed as Exhibit "A", provided a "safe harbor" opportunity to avoid Court action but counsel has decided to reject the offer and, perforce, invite Court intervention. Although dispositive relief is not requested, the motion is addressed to Judge Seybert. Plaintiffs assert that defense counsel's letter which is the subject of this motion, was designed to improperly influence Judge Seybert in a negative way toward the plaintiffs on the eve of defendants' summary judgment motion and with respect to a Bench trial which was expected to be held by Judge Seybert.

Background

This is an action by the above named plaintiffs against their former employer, defendant T. J. Maxx, and supervisors defendants Rick Kaiser and Armando Cabrera. Plaintiffs claim they were sexually harassed at work by Store Manager, Rick Kaiser and that after filing complaints Maxx retaliated by firing them. Defendants' allege that any sexual harassment was remedied and that plaintiffs' termination was due to misconduct in renewing layaway purchases, which caused a loss to the store. Defendants rely on statements plaintiffs gave to store detectives stating that what they did was wrong. Plaintiffs' claim they did nothing wrong, all sales were approved by managers, that they were fraudulently induced into giving statements in order to keep their jobs.

By letter of April 15, 2010, to your Honor, (filed as Document 45) Defendants' counsel Dov Kesselman, Esq., requested a Rule 56 pre motion conference. A copy of the letter is annexed as Exhibit "B" In the letter counsel used the term "fraud", many times, without foundation or any particularity, to describe the actions of the plaintiffs which caused them to be terminated.

Hon. Joanna Seybert

Worse, and also without foundation, counsel devoted more than half a page, headlined: <u>Plaintiffs'</u> <u>Admitted</u> <u>Fraud,</u> to defend the terminations. Since however, there was never any fraud, counsel could not cite any instance where such fraud was ever committed or admitted. Plaintiffs view the letter as an outrageous effort to portray them as confessed thieves.

Defendants' 'grievance' amounts to nothing more than plaintiffs waiting for a lower price prior to making a purchase. At this instant the same thing is happening millions of times. Plaintiffs' status as employees is irrelevant, and by no stretch of reason can the layaways amount to fraud. When the letter was written the case was scheduled as a Bench trial with your Honor as the trier of facts.  The pre conference letters were your Honor's introduction to the case, where first impressions of the parties and their claims would undoubtedly be formed. The attempt to influence the Court with highly prejudicial, false claims of plaintiffs "admitted fraud", is, we submit a per se violation of Rule 11(b) (3) Federal Rules Civil Procedure and warrants sanctions.

"Fraud" is such a pejorative term it has its own rule to prevent misuse. (FRCP Rule 9 (b). Rule 11(b)(2) and (3) FRCP provides: (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper whether by signing, filing, submitting, or later advocating it, an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (2) the claims, defenses, and other legal contentions are warranted by existing law…; (3) the factual contentions have evidentiary support …" Here, counsel has represented that … (the factual contention) "admitted fraud" has evidentiary support. No support of any kind is offered however. Although fraud is claimed, its first element, a misrepresentation, does not exist. Plaintiffs made no representations or concealed anything. Instantly, any fraud possibility disappears.

Legal and factual impossibility of fraud. When a seller reduces the price of an item it is <u>factually and</u> <u>legally</u> <u>impossible</u> do anything fraudulent when accepting the lower price. It does not matter if the item was on layaway once or 100 times or with the intent to get the lowest price. As the following illustration shows, 'loss to the store' is just a smokescreen for the retaliatory firings. Illustration: In January, two employees A & B, and a member of the public, customer, C, wish to buy certain glassware selling for $50. Employee A, puts the item on layaway and rolls it over for the next 3 months. Employee B and customer C do nothing. For the next 3 months the item drops $10 per month so that by April it is reduced to $20. Employee A, completes the layaway, and buys the item for $20, saving $30. Employee B and customer C, also buy the item for $20 saving $30 each. With no difference in the outcome, the store sold the glassware for the same reduced price to both employees and a retail customer, netting the same on each sale. This is irrefutable proof that the layaway and rollovers are completely irrelevant and immaterial. A claim of loss based on layaways, rollovers or any combination is, on its face, ludicrous.

<u>Applicable</u> <u>Law</u>

Effect of a letter as "other paper". Although Rule 11(b) relief is for the most part concerned with pleadings, it also refers to "written motions or other paper". In Re Highgate Equities, Ltd, Klein,

2

v.Wilson, Elser, Moskowitz. Edelman & Dicker and Tillem, 279 F.3d 148; 2002 U.S. App. LEXIS 1433, the Second Circuit reviewed Rule 11 (b) cases pertaining to letters as other paper. The court noted the reluctance to characterize a letter generally as an 'other paper' on weighing Rule 11 sanctions." *Legault v. Zambarano*, 105 F.3d 24, 27 (1st Cir. 1997); *see also*

Hon. Joanna Seybert     Page  3

*Curley v. Brignoli Curley & Roberts, Associates*, 128 F.R.D. 613, 616 (S.D.N.Y. 1989), but has done so where the letter in question was in effect a motion in disguise, *See, e.g., Legault*, 105 F.3d at 28 (sanctions were appropriate where letter was sent "with the intent to influence the court" Citing its ruling in O'Brien v. Alexander, 101 F.3d 1479, (2d Cir. 1996), the Court noted: "We have held that under Rule 11(b)(3), "sanctions may not be obtained unless a particular allegation is utterly lacking in support." Clearly, letters designed to influence the court are included in 11(b) treatment and, that charges utterly lacking in support qualify for sanctions. Here, the letter is actually a motion in disguise. It does not "briefly state the basis for the anticipated motion" as required by Judge Seybert's Rules (IV E 2) Instead, it is the embodiment of a motion in all respects, complete with argument, citations and legal conclusions, most of which are premised on the false claim of "admitted layaway fraud". As applied here, the letter is a motion in disguise designed to influence the Court, and is clearly Rule 11(b) (2) (3) subject matter. If the claims are not warranted by existing law (b) (2), or are utterly lacking in support (b) (3), relief must be granted to plaintiffs. The repeated charges of "admitted fraud", fail on both counts. As to "well grounded in fact", as shown below there are no supporting facts. Likewise, under existing law, the first element of fraud, a misrepresentation, does not exist.

Mr. Kesselman made no effort to seek evidentiary support for his disingenuous claims. Had he done so he would have realized that the term 'fraud': does not appear anywhere in: a) the 48 page Answer and Counterclaim his firm filed, b) the 200 pages of testimony that defendant Cabrera (Regional Manager) gave during his deposition c) the nearly 100 pages of testimony that defendant Rick Kaiser (Store Manager for TJ Maxx) gave during his deposition or, d) any other place in the entire litigation. The character assassination was based solely on the intent to influence the Court. Mr. Kesselman and his firm should be reprimanded.

Although in this Circuit 11(b)sanctions should be imposed with caution and that doubts should be resolved in favor of the pleading signer, Anyanwu v Columbia Broadcasting System 887 F. Supp. 690 (1995 SDNY), here, there is nothing to doubt. The trumpeted charge of 'admitted fraud' is unequivocal and as intended, blares out for recognition and maximum impact. If the claim is not "well grounded in fact" or (law) a Rule 11(b) violation has occurred. Farino v. Advest, Inc. 111 F.R.D. 345 (EDNY1986). In City of Yonkers v Otis Elevator 106 F.R.D. 524 1995 (SDNY) affirmed, 844 F.2d 42; 1988 U.S. App. LEXIS 4482, plaintiff's allegations of fraud violated Rule 11 and they were ordered to pay $5,000 to defendant's counsel where there was no factual basis for any claim of fraud in the case. See also Banco Portugues Do Atlantico v. Magi France, Ltd., 1990 U.S. Dist. LEXIS, citing Pavelic & LeFlore v. Marvel Entertainment Group, 58 U.S.L.W. 4038, 4039 (U.S. Dec. 5, 1989).See also Eastway Const. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)" An 11(b) violation has occurred. Plaintiffs have been injured by the charges and require a full retraction in the hope that the damage is mitigated. In addition, sanctions should be imposed for refusal to make a retraction without Court intervention.

Respectfully,

*Larry J. McCord, Esq.*

    cc: Dov Kesselman, Esq.