# SEYFARTH
### ATTORNEYS
# SHAW LLP

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone

212-218-5507

Writer's e-mail

dkesselman@seyfarth.com

June 18, 2010

**VIA ECF**

Honorable Joanna Seybert
United States District Judge
United States District Court for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722-9014

> Re:  Connolly, et al. v. The TJX Companies, Inc. et al.
> Index No. 07 Civ. 3282 (JS) (WDW)

Dear Judge Seybert:

As Your Honor is aware, we represent Defendants The TJX Companies, Inc., Rick Kaiser and Armando Cabrera (collectively, "TJX") in the above-referenced action. We write to request a conference with the Court to address the most prudent approach to seeking dismissal of some of Plaintiffs' baseless claims in an effort to narrow the issues for summary judgment, and in advance of setting the summary judgment briefing schedule.

As the Court may recall, Your Honor held a pre-motion conference with the parties on May 14, 2010 in connection with TJX's anticipated summary judgment motion. During that conference, TJX provided the Court and Plaintiffs' counsel with a chart showing that many of the sixty-three (63) causes of action asserted by Plaintiffs in the Complaint failed as a matter of law for a variety of very straightforward legal reasons, and which we believed Plaintiffs' counsel should voluntarily dismiss in order to avoid unnecessary briefing of claims that had no arguable basis. Specifically, TJX argued that Plaintiffs' claims for: (i) negligent hiring (Counts 4, 20, 36 and 51); (ii) negligence due to sexual harassment (Counts 6, 22, 38, and 53); (iii) negligent misrepresentation due to sexual harassment (Counts 7, 23, 39 and 54); (iv) breach of contract due to sexual harassment (Counts 8, 24, 40 and 55); (v) civil conspiracy (Counts 12, 28, 43 and 59); (vi) intentional infliction of emotional distress against Kaiser (Counts 13, 29, 44, 60); (vii) negligence against Kaiser (Counts 14, 30, 45 and 61); (viii) negligence against Cabrera (Counts 15, 31, 46 and 62); and (ix) civil

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK 



Case 2:07-cv-03282-JS-WDW  Document 55-4  Filed 06/24/10  Page 2 of 22

conspiracy against Cabrera (Counts 16, 32, 47 and 63), each fail as a matter of law for purely legal reasons without reference to the facts underlying them.[1]

In light of TJX's argument, and in furtherance of the Court's effort to narrow the issues that TJX would have to address in connection with its anticipated motion, the Court directed Plaintiff to consider withdrawal of these baseless claims, and the Court requested that TJX provide Plaintiff with some case law for each of the claims that we proposed should be simply withdrawn. TJX accordingly provided Plaintiff with the same chart with the addition of the legal authority that requires dismissal of the above-referenced causes of action as a matter of law by letter dated May 17, 2010. (See Ex. A.)

Plaintiffs responded by letter dated May 28, 2010, and appeared to largely agree with TJX's assessment of the lack of legal grounds for most of the above referenced claims. (See Ex. B.) Plaintiffs' counsel expressed concern, however, as to how to effectuate dismissal of the above-referenced causes of action while at the same time preserving the factual allegations underlying each cause of action, as Plaintiffs' counsel suggested that the factual allegations themselves remain relevant to Plaintiffs' Title VII claims. Following a conversation between counsel on June 2, 2010, and by letter dated June 3, 2010, TJX proposed that Plaintiffs execute a Stipulation of Dismissal withdrawing those causes of action, but expressly stipulating that the factual allegations associated with each of the withdrawn causes of action remain to the extent they supported Plaintiffs' Title VII claims. (See Ex. C.) TJX enclosed with the June 3 communication a draft Stipulation of Dismissal reflecting these proposals. (Id.)

Plaintiffs responded by letter dated June 14, 2010 and indicated that they would not enter into the Stipulation of Dismissal. (See Ex. D.) Plaintiffs contended that the Court would for some reason take a "dim view" of any dismissal of the above-referenced causes of action as independent claims. Plaintiffs further contended that dismissal of these causes of action would "edit[] their case into oblivion" and that even if Plaintiffs were agreeable to the Stipulation, it would effectively be an amendment of the Complaint under Fed. R. Civ. P. 15(a)(2) and would require leave of the Court. (Id.) Plaintiffs did not suggest an alternative approach to effecting dismissal of the meritless causes of action. We have contacted Plaintiffs' counsel to determine how they propose to proceed, as we believe that the Court would certainly So Order a stipulation dismissing those claims that are without any basis, and indeed, it is Plaintiffs' obligation to withdraw those claims that have no legitimate basis. We have not heard back, and given the correspondence, we believe that the Court's involvement may assist in resolving these issues.

As such, TJX respectfully requests a conference to resolve these issues in a manner satisfactory to the Court. We would also anticipate setting a briefing schedule for TJX's motion at the same time.

---

[1] We also suggested that Plaintiffs' claims for duress/coercion premised on Plaintiffs' signing of promissory notes (Counts 9, 25, 41 and 56) also do not state an independent claim, but given Plaintiffs' position, we will address that claim on summary judgment.



Finally, Your Honor may recall that during the initial pre-motion conference, Plaintiffs' counsel raised concerns about TJX's pre-motion conference letter, which summarized TJX's position and noted that Plaintiffs were terminated because of their admitted roll-over of layaway products in violation of TJX policy, which conduct TJX asserts was fraudulent. Plaintiffs raised the concern that TJX's letter could be read to suggest that Plaintiffs admitted to having engaged in "fraud" and that Your Honor might have been "improperly influenced." As we indicated at the conference, and as we advised Plaintiffs' counsel, we wish to make clear that Plaintiffs admitted in their written statements and investigative interviews to the roll-over of layaways and apologized and promised to repay the store for their actions, and it is to this that TJX's pre-motion letter refers; the Plaintiffs did not, however, specifically admit to having engaged in "fraud." TJX's references to Plaintiff's "admitted layaway fraud" were clearly intended to reflect that Plaintiffs were terminated for their admitted layaway conduct, which TJX asserts was fraudulent and served as the basis for their termination. While we expect that this was clear to the Court from the overall context of the letter, we trust that this resolves any question or concern that Plaintiffs may have.

We thank Your Honor for the Court's consideration of these matters, and remain available for a conference at the Court's convenience. Thank you.

Respectfully submitted,

SEYFARTH SHAW LLP


/s/ *Dov Kesselman*


cc:    Larry J. McCord, Esq.
       Brian Murphy, Esq.

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK 

# EXHIBIT A

# SEYFARTH
## ATTORNEYS SHAW LLP

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

May 17, 2010

**VIA E-MAIL (LARRYLARDAN@AOL.COM)**

Larry McCord, Esq.
1291 Straight Path
West Babylon, New York 11704

      Re:     Connolly et al v. The TJX Companies, Inc., Kaiser, Cabrera (collectively, "TJX")
              Case No. 07-CV-3282 (JS)

Dear Mr. McCord:

      As you will recall, during the pre-motion conference on May 14, 2010 before Judge Seybert, the Court directed Plaintiff to review and consider the withdrawal of the common law claims asserted in the Complaint, and directed TJX to provide you with some caselaw regarding those claims.

      As you will recall, we provided you and the Court with a chart which showed the claims as to which we believe there is no basis in law for their assertion, either because the negligence claims are precluded by the New York State Workers Compensation exclusivity law, the breach of contract claim based on a policy to prevent harassment does not state a claim, the civil conspiracy claims cannot state a claim because the law is clear that no conspiracy can be stated between TJX and its employee, and the intentional infliction of emotional distress claim is barred by the statute of limitations (and is in any event well-established as unavailable in this context unless there was a sexual battery). We have edited that chart to include some relevant caselaw. We urge you to withdraw those claims immediately upon your review of the caselaw, so that the parties can proceed to motion practice with the Court on those claims as to which there is at least a good faith basis for their assertion.

      Thank you for your cooperation. Please do not hesitate to contact us with any questions.

      Sincerely,

      SEYFARTH SHAW LLP

      *s/ Dov Kesselman*
      Dov Kesselman, Esq.

cc:   Brian Murphy, Esq.

Attachment

12330545v.2

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

**CLAIMS IN COMPLAINT**
**(Connolly v. The TJX Companies, Inc.)**

| CAUSE OF ACTION | (CONNOLLY) COUNT | (HONICK) COUNT | (LELLE) COUNT | (SERRAINO) COUNT | CASES REQUIRING DISMISSAL AS A MATTER OF LAW |
|---|---|---|---|---|---|
| Sexual Harassment | 1 | 17 | 33 | 48 | |
| Sex Discrimination (termination) | 2 | 18 | 34 | 49 | |
| Retaliation | 3 | 19 | 35 | 50 | |
| Negligent Hiring | 4 | 20 | 36 | 51 | All negligence claims against an employer are preempted as a matter of law under the Workers' Compensation Law, § 29(6). See Duran v. Jamaica Hosp., 216 F. Supp. 2d 63, 66 (E.D.N.Y. 2002) (dismissing claim for negligent hiring based on exclusivity provision of Workers' Compensation Law). |
| [Same as 1-vicarious liability for sexual harassment] | 5 | 21 | 37 | 52 | |
| Negligence (due to sexual harassment) | 6 | 22 | 38 | 53 | All negligence claims against an employer are preempted as a matter of law under the Workers' Compensation Law, § 29(6). See Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997) (dismissing negligence claim premised on negligent supervision and negligently allowing sexual harassment to occur as preempted); Valle v. YMCA of Greater New York, 2006 WL 2571946, at *8 (S.D.N.Y. |

12319325v.1

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | July 6, 2006) (dismissing claims for negligence in hiring and retaining, negligence in training and supervising, and negligence in performing of duties on basis of exclusivity provision of Workers' Compensation Law). |
| Negligent Misrepresentation (due to sexual harassment) | 7 | 23 | 39 | 54 | All negligence claims against an employer are preempted as a matter of law under the Workers' Compensation Law, § 29(6). See Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997) (dismissing negligence claim premised on negligent supervision and negligently allowing sexual harassment to occur as preempted); Valle v. YMCA of Greater New York, 2006 WL 2571946, at *8 (S.D.N.Y. July 6, 2006) (dismissing claims for negligence in hiring and retaining, negligence in training and supervising, and negligence in performing of duties on basis of exclusivity provision of Workers' Compensation Law). |
| Breach of Contract (due to sexual harassment) | 8 | 24 | 40 | 55 | Employee cannot premise breach of contract claim on statements of compliance with Title VII in employee handbooks or otherwise. See Abdi v. Brookhaven Science Assoc., LLC, 447 F. Supp. 2d 221 (EDNY 2006); Burger v. Litton Indus., Inc., 1996 WL 421449, at *22 (SDNY Apr. 25, 1996). |
| Duress/coercion (to sign promissory note) | 9 | 25 | 41 | 56 | We are not aware of any cause of action based on this theory. To the extent it is to recoup any payments made under the promissory note, that is covered by the next Count. |

12319325v.1

| | 10 | 26 | - | 57 | |
|---|---|---|---|---|---|
| Duress/coercion (recoupment of payment on promissory note) | | | | | |
| Fraudulent Inducement | 11 | 27 | 42 | 58 | |
| Civil Conspiracy | 12 | 28 | 43 | 59 | Pursuant to the corporate conspiracy doctrine, where alleged conspirators are part of the same corporation, they cannot conspire with each other as a matter of law, requiring dismissal of such claims. See Sathianathan v. Smith Barney, Inc., 2007 WL 576097, at *5 (S.D.N.Y. Feb. 21, 2007). In addition, an individual cannot conspire with a corporation. See id. |
| Intentional Infliction of Emotional Distress against Kaiser | 13 | 29 | 44 | 60 | The statute of limitations for claims of intentional infliction of emotional distress is one-year. See Moultrie v. VIP Health Care Svcs., 2009 WL 750219, at *7 (E.D.N.Y. Mar. 19, 2009); Kolesnikow v. Hudson Valley Hosp. Ctr, 622 F. Supp. 2d 98, 123 (S.D.N.Y. 2009) (noting that administrative charge does not toll limitations period for intentional infliction of emotional distress claim). Here, the Plaintiffs' employment was terminated on June 23, 2005, and the Complaint was not filed until May 18, 2007 - more than one year later.<br><br>In addition, "courts in the [SDNY] routinely grant defendants summary judgment on emotional distress claims unless the alleged harassment involves sexual battery." See |

12319325v.1

| | | | | | Rickard v. Western New York Independent Living Project, Inc., 2009 WL 1468459, at *7 (W.D.N.Y. May 22, 2009); Fahmy v. Duane Reade, Inc., 2006 WL 2322672, at *4 (S.D.N.Y. Aug. 8, 2006) |
|---|---|---|---|---|---|
| Negligence against Kaiser | 14 | 30 | 45 | 61 | All negligence claims against an employer are preempted as a matter of law under the Workers' Compensation Law, § 29(6). See Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997) (dismissing negligence claim premised on negligent supervision and negligently allowing sexual harassment to occur as preempted); Lauria v. Donahue, 438 F. Supp. 2d 131, 141 (E.D.N.Y. 2006) (noting that the exclusivity provision of the Workers' Compensation Law extends to claims against an employer's agents). |
| Negligence against Cabrera | 15 | 31 | 46 | 62 | All negligence claims against an employer are preempted as a matter of law under the Workers' Compensation Law, § 29(6). See Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997) (dismissing negligence claim premised on negligent supervision and negligently allowing sexual harassment to occur as preempted); Lauria v. Donahue, 438 F. Supp. 2d 131, 141 (E.D.N.Y. 2006) (noting that the exclusivity provision of the Workers' Compensation Law extends to claims against an employer's agents). |
| Civil Conspiracy against | 16 | 32 | 47 | 63 | Pursuant to the corporate conspiracy doctrine, where alleged conspirators are part of the |

1231932Sv.1

| Cabrera | | | | | same corporation, they cannot conspire with each other as a matter of law, requiring dismissal of such claims. See Sathianathan v. Smith Barney, Inc., 2007 WL 576097, at *5 (S.D.N.Y. Feb. 21, 2007). In addition, an individual cannot conspire with a corporation. See id. |

# EXHIBIT B

# Larry McCord and Associates, LLC
## Attorney's and Counselors at Law
1291 Straight Path
North Babylon, NY 11704
(631) 643-3084 , FAX (643) 491-8554

**Via e mail**
dkesselman@seyfarth.com
Dov Kesselman, Esq.
Seyfarth Shaw LLP
620 Eighth Ave.
New York, NY 10018-1405

May 28, 2010

Re : Connolly et al v. Kaiser, Cabrera et al
Index No 07 CV3282 (JS) (WDS)

Dear Mr. Kesselman,
In reply to your letter of May 17, 2010, we acknowledge that some of the causes of action that you listed as requiring dismissal can be withdrawn. In particular, the causes of action based on

| | Connolly – 4 | Honick 20 | Lelle 36 | Serraino 51 |
|---|---|---|---|---|
| negligent hiring, | | | | |
| negligence – sexual harassment | 6 | 22 | 38 | 53 |
| negligent representation | 7 | 23 | 39 | 54 |
| breach of contract | 8 | 24 | 40 | 55, |

would appear to warrant withdrawal. As to the other claims you referenced we agree in part and disagree in part. As shown below we will delete certain terms and language which do not apply so long as the substance of our claims of sexual harassment- wrongful termination remain intact.

With respect to the causes of action: Connolly 9, Honick 25 Lelle -- Serraino 56, which you labeled as "Duress/ coercion (to sign promissory note)", these causes of action cannot be withdrawn. The claims alleged therein are factual aversions of conduct that is prohibited by Title VII. The coerced admissions and notes procured by the store detectives are tangible employment actions that supported the ultimate adverse employment action, the wrongful termination.

As for causes of action labeled as "Civil Conspiracy": Connolly 12, Honick 28, Lelle 43, Serraino 59, after Discovery, we now agree that a conspiracy may not have taken place and will stipulate to the removal of conspiracy language from the cause of action. We propose removing: Connolly- paragraphs 104-107, Honick para. 230-233, Lelle para. 351-354 and Serraino 477-480. However, as to remaining paragraphs in each of those causes of action, which are the averments that Defendants Cabrera and TJX intentionally retaliated against plaintiffs, that claim must remain. Paragraphs Connolly 108 and 109, Honick would be edited to delete the conspiracy wording. Using the Connolly complaint as the template, the edited version of the cause of action would be: 103. Unchanged , 104- 107- Deleted
108- (assuming, to lessen confusion, the number sequences did not change despite the deletions)

"108. That Defendants TJX Companies and CABRERA intentionally and with malice, participated to retaliate against Plaintiff Connolly for complaining of Defendant Kaiser's unwelcome sexual harassment by terminating her position at the TJ Maxx store.

D. Kesselman    Page 2

109. That as a result, (omit "of the civil conspiracy") Plaintiff Connolly was wrongfully terminated etc  (remains as in original).

110. Unchanged

111. For all of the foregoing reasons, Plaintiff  EILEEN CONNOLLY seeks judgment against Defendants TJX COMPANIES AND ARMANDO CABRERA, for the sum of FIVE HUNDRED THOUSAND) ($500,000) DOLLARS, jointly and severally.

As for the causes of action labeled as "Intentional Infliction of Emotional Distress against Kaiser", Connolly 13, Honick 29, Lelle 44 and Serraino 60, we agree to withdraw the word "intentional" from paragraphs 116, 242, 363 and 489, respectively. We do so not to avoid a statute of limitations problem. Instead, we believe that Kaiser's actions did cause the plaintiffs to be sexually harassed, and that they did in fact suffer emotional distress as a result. His objective however was not a desire to inflict emotional damages. A person whose sole purpose is to inflict emotional damage intentionally calculates his actions to achieve that purpose. While Kaiser did not operate with that motive, his conduct is nevertheless prohibited as discriminatory by Title VII, and is properly pleaded by deleting the word "intentional" before the word "infliction".

As for "Negligence against Kaiser", Connolly 14, Honick 30. Lelle 45 and Serraino 61, although the term "negligence" is used, Connolly, para. 123 Honick para. 249, Lelle 370, Serraino 496, the gravamen of the cause of action is that Kaiser intentionally subjected plaintiffs to unwelcome sexual harassment. Despite the term "negligence" which we agree to replace with the word "actions" Connolly, para. 123, Honick 249, Lelle 370, Serraino 496, Kaiser's actions were intentional, and as such, fall outside the exclusivity of the Worker's Compensation Law. Workers' Compensation Law Sec 2 subd 7, states: "Injury" and "personal injury" mean only accidental injuries arising out of and in the course of employment …. Clearly, injuries resulting from intentional actions of a co-employee or the employer are not precluded from common law litigation. In Maines v. Cronomer Valley Fire Dept., Inc., 50 N.Y.2d 535; 407 N.E.2d the Court of Appeals in rejecting the exclusivity claim in a case of intentional action directed toward an employee, stated: "It seems unreasonable to suppose that the Legislature intended to give statutory protection in the form of immunity from suit for a deliberate and intentional wrongful act." See also Quinn v Healy 140 N.Y.S.2d 925, 1955 N.Y. Misc. LEXIS 2458, Orzechowski v. Warner-Lambert Co., 460 N.Y.S.2d 64.

Torres v Pisano 116 F.3d 625, cited by your office held that under the common law theory of negligence as pleaded by Plaintiff Torres, workplace claims (which involve accidental injuries) are under the exclusive purview of the Worker's Compensation Law. The Court then went on to state: "Workers' compensation exclusivity does not, however, preclude an employee's suit if the employer committed an intentional tort or another person committed such an intentional wrong at the employer's direction. See Acevedo v. Consolidated Edison Co., 189 A.D.2d 497, 596 N.Y.S.2d 68, 70-71 (N.Y. App. Div. 1993). Lauria v. Donahue, 438 F. Supp. 2d 131 involved exposure to respiratory disease and has nothing to do with sexual harassment in the workplace. By definition, sexual harassment is an intentional act and such claims are not within the purview of the Worker's Compensation Law.

D. Kesselman    Page 3

Accordingly, paragraphs 123, 249, 370 and 496 should be revised to delete the words "of Defendant Kaiser's negligence", and with that deletion the cause of action should remain intact. (The same argument could have been advanced as to your objections to "Negligence (due to sexual harassment, Connolly 6, Honick 22, Lelle 38 Serraino 53, but due to the number of changes that would be required, the better approach is to withdraw those causes of action)

The objection based on "Negligence against Cabrera", cause of action 15 Connolly, 31 Honick, 46 Lelle, and 62 Serraino, presents a different problem. We believe that cause of action should remain essentially undisturbed.

Although the term "negligence", Connolly para.130, Honick para. 256, Lelle para. 377,Serraino 503, may (again) not have been the best choice, by again replacing it with the word "actions" , Connolly para. 130, Honick 256, Lelle 376 Serraino 503, the claim is still viable and properly pleaded. The "duty" referred to, paragraphs Connolly, 127-129, Honick, 253-255, Lelle 374-376 and Serraino 500-502, is not the usual common law duty (as may be assumed) but is based on the statutory obligation imposed by Title VII. Once a prohibited employment action becomes the subject of a complaint the employer is required to monitor compliance with any remediation efforts. We allege (contrary to Defendants' assertions) that Cabrera individually and as agent of Maxx, failed to monitor compliance as required by Title VII and that both are liable.

Regarding objections: "Civil Conspiracy against Cabrera", 16 Connolly, 32 Honick, 47, Lelle and 63 Serraino, based on the above revisions to the parallel causes of action, labeled "Civil Conspiracy", Connolly 12, Honick 28, Lelle 43 and Serraino 59, there has been a merger of the claims, with the result that "Civil Conspiracy against Cabrera", 16 Connolly, 32 Honick, 47, Lelle and 63 Serraino, can now be withdrawn.

In conclusion, we see these modifications as mostly matters of form since they state alternative ways to allege the basic liability theories against Defendants. Accordingly, we would not agree that Plaintiffs overall damage claims are to be reduced by the amounts claimed in any proposed withdrawn causes of action. The Complaint in its' entirety seeks a total of $30,000,000 for all of the plaintiffs damages. We will therefore maintain the final ad damnum amount notwithstanding that some expressions of the claims may be withdrawn. To put it differently, each Plaintiff seeks $7,500,000 based on the sexual harassment and wrongful termination events, and the amount stated in any inappropriate claims would have to be added to the claims that are deemed to be appropriate. This is entirely consistent with the rule that construction is to be given to the substance, rather than the form of a complaint.

We will await your reply to our proposed changes. Hopefully, we can resolve these issues amicably and without court involvement.
Yours truly,


Larry J McCord
Attorney for Plaintiffs Connolly, Honick, Lelle and Serraino

# EXHIBIT C

**SEYFARTH**
ATTORNEYS **SHAW** LLP

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

June 3, 2010

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA

**VIA E-MAIL (LARRYLARDAN@AOL.COM)**

Larry McCord, Esq.
1291 Straight Path
West Babylon, New York 11704

      Re:    Connolly et al v. The TJX Companies, Inc., Kaiser, Cabrera (collectively, "TJX")
             Case No. 07-CV-3282 (JS)

Dear Mr. McCord:

      As per our discussion of yesterday evening, I write to response to your letter of June 1, 2010 (dated May 28, 2010) concerning the withdrawal of many of the common law claims in the Complaint. As we discussed during our call, it appears that we largely agree on the issues, and I proposed to you the approach that we believe most cleanly effectuates the withdrawal of the claims while preserving the factual allegations to the extent that they are intended to support Plaintiffs' Title VII claims.

      During our discussion and from your letter, Plaintiffs' principal thrust appears to be that the allegations made throughout the various paragraphs are relevant to Plaintiffs' Title VII claims, and therefore while Plaintiffs do not dispute that they may not be asserted as separate common law claims, they might be modified to remove reference to the separate causes of action and permitted to stand as to Plaintiffs' Title VII claims. (By way of example, while a cause of action for civil conspiracy is acknowledged as not being permitted, the facts alleged in the individual paragraphs might nevertheless go towards the Title VII claims. Similarly, while the Complaint alleges negligence claims against Kaiser and Cabrera, you seek to modify it so that there are no negligence causes of action, and instead are intentional actions supportive of Plaintiffs' Title VII claims.) You further wish to ensure that the ultimate *ad damnum* clause in the Complaint remains at $30,000,000, despite the reduction of the total number of claims. We do not have any objection to this either (primarily because it is not an issue that needs to be dealt with at summary judgment, despite the fact that we obviously do not agree with the estimation it suggests).

      As I mentioned, we suggest that the regular practice and proper way to approach this is to execute a Stipulation of Dismissal of the independent causes of action that cannot survive, but to expressly further stipulate that the *factual* allegations of those paragraphs remain to the extent that they support the Title VII causes of action. In effect, it would be as if those paragraphs had been stated underneath the headings for the Title VII Causes of Action, rather than as the individual



common law claims that they are currently listed under and which cannot be supported. This would therefore allow the Court to focus in on the claims that are truly at issue on summary judgment.

Attached please find a Stipulation of Dismissal that effects these changes. Please call me at your earlier convenience to discuss. Thank you for your cooperation.

Sincerely,

SEYFARTH SHAW LLP

*s/ Dov Kesselman*
Dov Kesselman, Esq.

cc:    Brian Murphy, Esq.

Attachment

12384138v.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EILEEN CONNOLLY, PAULETTE HONICK,
DARLENE LELLE, and LORRAINE SERRAINO,

                          Plaintiffs,          07 Civ. 3282 (JS) (WDW)

        v.

THE TJX COMPANIES, INC., RICK KAISER, and
ARMANDO CABRERA,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION OF PARTIAL DISMISSAL

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Eileen Connolly, Paulette Honick, Darlene Lelle and Lorraine Serraino ("Plaintiffs") and Defendants The TJX Companies, Inc. ("TJX"), Rick Kaiser and Armando Cabrera (collectively, Defendants), through their respective undersigned counsel, that pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Cause of Action Nos. 4, 6, 7, 8, 9, 12, 13, 14, 15, 16, 20, 22, 23, 24, 25, 28, 29, 30, 31, 32, 36, 38, 39, 40, 41, 43, 44, 45, 46, 47, 51, 53, 54, 55, 56, 59, 60, 61, 62 and 63 of the Verified Complaint are dismissed with prejudice against Defendants; and

IT IS HEREBY FURTHER STIPULATED AND AGREED, that the Verified Complaint shall be read to assert only claims brought pursuant to Title VII of the Civil Rights Act set forth in Cause of Action Nos. 1, 2, 3, 5, 17, 18, 19, 21, 33, 34, 35, 37, 48, 49, 50, and 52 (collectively, the "Title VII Claims"), the common law claims of Duress/Coercion set forth in Cause of Action Nos. 10, 26, and 57, and the common law claims of Fraudulent Inducement set forth in Cause of Action Nos. 11, 27, 42, and 58; and

IT IS HEREBY FURTHER STIPULATED AND AGREED, that notwithstanding the dismissal of Cause of Action Nos. 9, 12, 13, 14, 15, 16, 25, 28, 29, 30, 31, 32, 41, 43, 44, 45, 46, 47, 56, 59, 60, 61, 62 and 63 of the Verified Complaint as independent causes of action, the allegations contained in the Verified Complaint in the paragraphs previously associated with such Causes of Action shall remain in the Complaint to the extent that they are alleged in support of Plaintiffs' Title VII Claims; and

IT IS HEREBY FURTHER STIPULATED AND AGREED, that notwithstanding the dismissal of the Causes of Action set forth above, the *Ad Damnum* clause in the final WHEREFORE clause of the Verified Complaint is not hereby amended or changed.

Dated: New York, New York
      June __, 2010

LARRY MCCORD & ASSOCIATES LLC      SEYFARTH SHAW LLP

By: _____      By: _____
    Larry J. McCord                    Dov Kesselman, Esq.
    1291 Straight Path                 Brian Murphy, Esq.
    North Babylon, NY 11704       620 Eighth Avenue
    (631) 643-3084                   New York, NY 10018
    Attorneys for Plaintiffs         (212) 218-5500
                                 Attorneys for Defendants

SO ORDERED:

_____
Hon. Joanna Seybart
United States District Judge

# EXHIBIT D

# Larry McCord and Associates, LLC

### Attorney's and Counselors at Law
1291 Straight Path
North Babylon, NY 11704
(631) 643-3084 , FAX (643) 491-8554

*Larry J. McCord, Esq.*                                     *Mary Beth Abbate, Esq. –Of Counsel*
April Rosenblum, Paralegal.

**Via e mail**
dkesselman@seyfarth.com
Dov Kesselman, Esq.
Seyfarth Shaw LLP
620 Eighth Ave.
New York, NY 10018-1405

June 14, 2010

Re : Connolly et al v. Kaiser, Cabrera et al
Index No 07 CV3282 (JS) (WDS)

Dear Mr. Kesselman,

In reply to your e-mail of June 3, we would not enter into the proposed stipulation.

At the outset, Rule 41 pertains to voluntary dismissal of <u>actions,</u> not individual claims or causes of actions. Under Rule 41 there are only dismissals of the controversy itself or a defendant, completely, from the action. There is no editing allowed to remove some causes of action while keeping others that pertain to the same party.

In addition to the inapplicability of Rule 41, even if a plaintiff were to initiate the request, at this late stage of the litigation the court would likely take a dim view of the process. <u>See</u> <u>Harvey</u> <u>Aluminum</u> <u>Inc.</u> <u>v</u> <u>American</u> <u>Cyanamid</u> <u>Co.</u> <u>203</u> <u>F2d.105</u> recently cited in <u>Poparic</u> <u>v.</u> <u>Jugo</u> <u>Shop</u> <u>2010</u> <u>U.S.DIST.</u> <u>LEXIS</u> <u>31385</u> <u>(EDNY)</u>

Moreover, your proposed solution to dismiss causes of action while allowing the underlying language of those causes of action to remain is impractical. Even if plaintiffs agreed to the idea, they would be editing their case into oblivion. One would have to constantly refer back and forth to try by patch-work, to fashion surviving language from a dismissed claim to support a different but surviving claim. The effort would confound a mentalist.

Most importantly as we see it, there is no legal requirement, or benefit to the plaintiffs to follow this path. What you may have in mind would result in major amendments of the Complaint under Rule 15(a) (2). Unless this could be agreed upon, leave of Court is needed which would further delay this action.

D. Kesselman     P 2.

You should also be clear that plaintiffs have not put all of their claims in a Title VII basket. To be sure, that is the basis for claims resulting from violations of federal law. In addition, plaintiffs will strongly advance their common law claims that are grounded in defendants' violations of their right to be free from fraud-based coercion and economic and emotional duress. Those claims are properly pled and timely filed and will not be stipulated away.

We stand by our earlier position that as to those causes of action that need not be litigated, we will stipulate that plaintiffs will not further advance any claim based on:

| | | | | |
|---|---|---|---|---|
| negligent hiring, | Connolly – 4 | Honick 20 | Lelle 36 | Serraino 51 |
| negligence–sexual harassment (environ) | 6 | 22 | 38 | 53 |
| negligent representation as to workplace | 7 | 23 | 39 | 54 |
| breach of contract | 8 | 24 | 40 | 55, |

Further, we will make no claim based on any conspiracy by Kaiser or Cabrera. The causes of action will remain in place only for the purpose of preserving the integrity and continuity of the Complaint. This would effectively take them out of the controversy while maintaining the claims which both parties agree are justiciable.

Other than those causes of action that might not apply, we have a good faith belief that the Complaint states legitimate claims that plaintiffs are entitled to present to the trier of fact.

Finally, as your office would be the first to note, the fact that it has waited nearly 3 years to raise the objections indicates they are of little concern and should not become a protracted issue.

Very truly yours,

Larry J. McCord
Attorney for Plaintiffs, Connolly, Honick, Lelle and Serraino