UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EILEEN CONNOLLY, PAULETTE HONICK,
DARLENE LELLE and LORRAINE SERRAINO

                                       JURY TRIAL DEMANDED

             Plaintiffs

                                  07-CV-3282 (JS) (WDW)

       - against-

                                     AMENDED COMPLAINT

THE TJX COMPANIES, INC. RICK KAISER
and ARMANDO CABRERA

             Defendants
----------------------------------------------------------------x


Plaintiffs, EILEEN CONNOLLY, PAULETTE HONICK, DARLENE LELLE and

LORRAINE SERRAINO by their attorney Larry J. McCord, Esq. allege, based on

knowledge as to themselves and their own actions, and upon information and belief as to

all other matters:

<u>JURISDICTION</u> <u>AND</u> <u>VENUE</u>

1.   This is a civil action that was commenced in the Supreme Court State of New York,

    County of Suffolk, by the filing of a Summons and Verified Complaint with the Clerk

    of the County of Suffolk on May 18, 2007.

2.   By Notice of Removal filed by Seyfarth Shaw, LLP, attorneys for Defendants, THE

    TJX COMPANIES, INC., RICK KAISER and ARMANDO CABRERA, this action

    was removed to the United States District Court Eastern District at Central Islip, NY.

3. The supplemental jurisdiction of the Court (28U..S.C. Sec 1397) is invoked over state

    law causes of action.

4.  That on or about March 25, 2006, Plaintiffs filed complaints with the United

States Equal Employment Opportunity Commission.

5.  That on or about February 27, 2007, Plaintiffs received Right to Sue Letters from

the United States Equal Employment Opportunity Commission. A copy of the

letters is attached hereto and made a part hereof.

6.  That within 90 days of receiving the Letters, Plaintiffs commenced this action.

7.  By Order of this Court dated June 21, 2010, Plaintiffs were granted leave to serve

and file an Amended Complaint, before July 1, 2010. This Amended Complaint

is in compliance with that Order.

8.  Relief sought is based on the applicable provisions of Title VII of the Civil Rights

Act of 1964 and applicable statutory and decisional laws of the State of New York.

<u>PARTIES</u>

9.  Plaintiffs EILEEN CONNOLLY, (Plaintiff CONNOLLY) PAULETTE

HONICK, (Plaintiff HONICK) DARLENE LELLE (Plaintiff LELLE) and

LORRAINE  SERRAINO (Plaintiff SERRAINO) began employment at

Defendant TJX's TJ Maxx store in Kings Park on Oct. 28, 1998, Oct. 19, 1998,

Oct. 28, 1998 and Oct. 19, 1998, respectively, as Merchandise  Associates.

10.  Defendant THE TJX COMPANIES, INC, hereafter referred to as Defendant

TJX is incorporated in the State of Delaware with its registered office and agent

Corporation Trust Company at 1209 Orange Street, Wilmington, Delaware.

11.  Defendant TJX owns and operates 143 retail stores in the State of New York, 43

of which are operated as 'T.J. Maxx' stores including the TJ Maxx store at

42 Indian Head Road, Kings Park, New York

12.  Defendant TJX is a 'covered employer' under Title VII, Civil Rights Act, 1964.

13.  Defendant RICK KAISER hereafter referred to as "Defendant KAISER" was the Manager of the TJ Maxx store at 42 Indian Head Road, Kings Park, NY

14.  Defendant ARMANDO CABRERA hereafter referred to as "Defendant CABRERA" is the District Manager of approximately ten (10) T.J. Maxx stores located on Long Island, including the store located in Kings Park, NY

15.  That the parent corporation, Defendant TJX, remained responsible for employees and agents of its stores including the TJ Maxx store in Kings Park  New York.

<u>BACKGROUND</u>

16. That at all times during their course of employment, Plaintiffs performed their job duties ably and competently and received promotions, pay raise and bonuses.

17. That as Manager of the Kings Park T. J Maxx store Defendant RICK KAISER exercised supervisory control and authority over Plaintiffs.

**AS A CAUSE OF ACTION BY PLAINTIFF CONNOLLY
BASED UPON SEXUAL HARASSMENT IN THE WORKPLACE**

18. Plaintiff CONNOLLY is a member of a protected class under Title VII of the Civil  Rights Act of 1964.

19. Starting in December 2003, and due to the actions of Defendant RICK KAISER, Plaintiff CONNOLLY suffered unwelcome sexual harassment.

20. That Defendant KAISER while employed as Store Manager at the Kings Park store, purposefully and intentionally made crude, derogatory and sexually explicit remarks and gestures to Plaintiff CONNOLLY.

21. Defendant KAISER's crude, sexually derogatory and inappropriate remarks, gestures, and harassment were sufficiently severe and pervasive so as to alter the conditions of Plaintiff CONNOLLY's employment and to create an abusive and hostile work environment.

22. Defendant Kaiser knew his objectionable conduct made Plaintiff CONNOLLY uncomfortable, but he continued to sexually harass Plaintiff CONNOLLY.

23. Defendant KAISER's pervasive pattern and practice of sexually harassing Plaintiff CONNOLLY over the course of several months was extreme and outrageous and exceeded all bounds of decency tolerated in a civilized society.

24. Due to the above stated unwelcome sexual harassment by Defendant KAISER, on or about January 5, 2005, Plaintiff CONNOLLY through Defendant TJX's Human Resources Department complained to upper management about the sexual harassment by Defendant KAISER.

25. By complaining of conduct prohibited by law, Plaintiff CONNOLLY engaged in activity that was protected by federal and state law.

26. Defendants TJX and CABRERA knew that Plaintiff CONNOLLY had complained about Defendant KAISER, but failed to take effective remedial action as required by law.

27. As District Manager for TJX, Defendant CABRERA was required to ensure that following the complaints of sexual harassment by Plaintiff CONNOLLY that the hostile work environment created by Defendant KAISER had ended.

28. Defendants TJX and CABRERA failed to ensure, as required by law that the hostile work environment had in fact been eliminated.

29.  Due to Defendant TJX's failure to effectively correct Defendant KAISER's continuous and sexually harassing misconduct, Plaintiff CONNOLLY continued to suffer  unwelcome sexual harassment.

30. As a result of Defendant KAISER's conduct and the failure of Defendants CABRERA and TJX to take effective corrective action, Plaintiff CONNOLLY suffered the deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression, stress and cardiac problems.

31. That for all the foregoing reasons, Plaintiff CONNOLLY seeks judgment against all Defendants in the amount of TWO MILLION DOLLARS  ($2,000,000)

**AS A CAUSE OF ACTION BY PLAINTIFF CONNOLLY
FOR WRONGFUL TERMINATION**

32. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. Plaintiff CONNOLLY was qualified for the position of Backroom Coordinator.

34. On June 23, 2005, Plaintiff CONNOLLY suffered an adverse employment action when she was terminated by Defendant TJX because of her complaints about Defendant KAISER's unwelcome sexual harassment.

35. There is a causal connection between Plaintiff CONNOLLYS's complaint of unwelcome sexual harassment and her termination by TJX.

36.  The decision to terminate Plaintiff CONNOLLY's employment occurred under circumstances which give rise to an inference of discrimination.

37.  The termination by Defendant TJX was based on retaliation for the complaints made by Plaintiff CONNOLLY.

38. That due to the wrongful termination, Plaintiff CONNOLLY suffered deprivation of civil rights, sustained severe emotional distress mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression, stress and cardiac problems.

39. That for all the foregoing reasons, Plaintiff CONNOLLY seeks judgment against all Defendants in the sum of  THREE MILLION  DOLLARS  ($3,000,000)

## AS A CAUSE OF ACTION BASED ON UNLAWFUL USE OF DURESS AND COERCION

40. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. On or about June 23, 2005 Defendant TJX through its Loss Prevention agents subjected Plaintiff CONNOLLY to unlawful harassment, intimidation, mental distress, economic distress, undue influence and coercion.

42. As a result of the harassment, intimidation, mental distress, economic distress, undue influence and coercion. Plaintiff CONNOLLY was precluded from the exercise of her own free will, and was forced to sign a false admission of wrongdoing, and a promissory note in favor of Defendant TJX.

43. Included among the coercive acts perpetrated by Defendant TJX was the threat of termination of Plaintiff CONNOLLY's employment as Backroom Coordinator.

44. Once plaintiff CONNOLLY signed the false admission and promissory note she was immediately terminated by Defendant CABRERA.

45. As a result of Defendant TJX'S unlawful use of duress and coercion, Plaintiff CONNOLLY suffered actual harm and injuries, including the deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression, stress and cardiac problems.

46. In addition, by reason of the note that Plaintiff signed under duress, Plaintiff CONNOLLY has suffered financial hardship and difficulties by having to make payments on Defendant TJX's economic-duress, and fraud based, notes.

47. That for the foregoing reasons Plaintiff seeks judgment against all Defendants in the sum of ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS

### AS A CAUSE OF ACTION BASED ON THE FRAUDLENT INDUCEMENT TO SIGN A FALSE STATEMENT OF ADMISSION

48. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. On June 23, 2005 Defendant TJX, through its company Loss Prevention agents subjected Plaintiff CONNOLLY to unlawful harassment duress and coercion.

50. In connection with that harassment, and at the same time, Defendant TJX fraudulently induced Plaintiff CONNOLLY to sign a false admission of wrongdoing, and a promissory note.

51. Defendant TJX, through its agents made a material misrepresentation, stating that if Plaintiff CONNOLLY signed the admission and promissory note, her position would not be terminated.

52. Defendant TJX knew that its representations were false as it was the intent of this Defendant to terminate CONNOLLY and the other Plaintiffs in retaliation for their complaints of unwelcome sexual harassment.

53. Plaintiff CONNOLLY relied on the statements made by Defendant TJX's agents to her detriment: The only reason Plaintiff CONNOLLY signed the false admission and promissory note was because she was told that by doing so she would be able to preserve her position with the company.

54. The representations by TJX's agents were false, as Plaintiff CONNOLLY was terminated immediately upon signing the false admission and promissory note.

55. As a result of the fraudulent inducement by TJX, Plaintiff CONNOLLY was injured by being terminated from her employment, forced to pay a debt based on an unlawfully executed false admission and note, and otherwise suffered actual harm and injuries, including the deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation intimidation, harm to reputation, anxiety, depression stress and cardiac problems.

56. That for all the foregoing reasons, Plaintiff CONNOLLY seeks judgment against all Defendants in the sum of TWO MILLION DOLLARS ($2,000,000)

**AS A CAUSE OF ACTION BY PLAINTIFF HONICK**
**BASED UPON SEXUAL HARASSMENT IN THE WORKPLACE**

57. Plaintiff HONICK repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. Plaintiff HONICK is a member of a protected class under Title VII of the Civil Rights Act of 1964.

59. Starting in December 2003, and due to the actions of Defendant RICK KAISER, Plaintiff HONICK suffered unwelcome sexual harassment.

60. That Defendant KAISER while employed as Store Manager at the Kings Park store, purposefully and intentionally made crude, derogatory and sexually explicit remarks and gestures to Plaintiff HONICK.

61. Defendant KAISER's crude, sexually derogatory and inappropriate remarks, gestures, and harassment were sufficiently severe and pervasive so as to alter the conditions of Plaintiff HONICK's employment and to create an abusive and hostile work environment.

62. Defendant Kaiser knew his objectionable conduct made Plaintiff HONICK uncomfortable, but he continued to sexually harass Plaintiff HONICK.

63. Defendant KAISER's pervasive pattern and practice of sexually harassing Plaintiff HONICK over the course of several months was extreme and outrageous and exceeded all bounds of decency tolerated in a civilized society.

64. Due to the above stated unwelcome sexual harassment by Defendant KAISER, on or about January 5, 2005, Plaintiff HONICK utilized the Defendant TJX's Human Resources Department to complain to upper management about the sexual harassment by Defendant KAISER.

65.  By complaining of conduct prohibited by law, Plaintiff HONICK engaged in

activity that was protected by federal and state law.

66. Defendants TJX and CABRERA knew that Plaintiff HONICK had complained

about Defendant KAISER, but failed to take effective remedial action.

67. As District Manager for TJX, Defendant CABRERA was required to ensure that

following the complaints of sexual harassment by Plaintiff HONICK that

the hostile work environment created by Defendant KAISER had ended.

68. Defendants TJX and CABRERA failed to ensure, as required by law that

the hostile work environment had in fact been eliminated.

69.  Due to Defendant TJX's failure to effectively correct Defendant KAISER's

continuous and sexually harassing misconduct, Plaintiff HONICK continued

to suffer  unwelcome sexual harassment.

70. As a result of Defendant KAISER's conduct and the failure of Defendants

CABRERA and TJX to take effective corrective action, Plaintiff HONICK

suffered the deprivation of her civil rights and sustained severe emotional distress,

mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression

and stress.

71. That for all the foregoing reasons, Plaintiff HONICK seeks judgment against

all Defendants in the amount of TWO MILLION DOLLARS  ($2,000,000)

### AS A CAUSE OF ACTION BY PLAINTIFF HONICK
### FOR WRONGFUL TERMINATION

72. Plaintiff repeats and re-alleges each and every allegation set forth above with the

same force and effect as if more fully set forth herein.

73. Plaintiff HONICK was qualified for the position of Sales Associate.

74. On June 23, 2005, Plaintiff HONICK suffered an adverse employment action when she was terminated by Defendant TJX because of her complaints about Defendant KAISER's unwelcome sexual harassment.

75. There is a causal connection between Plaintiff HONICKS's complaint of unwelcome sexual harassment and her termination by TJX.

76.  That the decision to terminate Plaintiff HONICK's employment occurred under circumstances which give rise to an inference of discrimination.

77.  That the termination by Defendant TJX was based on retaliation for the complaints made by Plaintiff HONICK.

78. That due to the wrongful termination Plaintiff HONICK suffered deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression, and stress.

79. That for all the foregoing reasons, Plaintiff HONICK seeks judgment against all Defendants in the sum of  THREE MILLION  DOLLARS  ($3,000,000)

**AS A CAUSE OF ACTION BASED ON UNLAWFUL USE OF DURESS AND COERCION**

80. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81. On or about June 23, 2005 Defendant TJX through its Loss Prevention agents subjected Plaintiff HONICK to unlawful harassment, intimidation, mental distress, economic distress, undue influence and coercion.

82. As a result of the harassment, intimidation, mental distress, economic distress, undue influence and coercion. Plaintiff HONICK was precluded from the exercise of her own free will, and forced to sign a false admission of wrongdoing, and a promissory note in favor of Defendant TJX.

83. Included among the coercive acts perpetrated by Defendant TJX was the threat of termination of Plaintiff HONICK's employment as Sales Associate.

84. Once plaintiff HONICK signed the false admission and promissory note she was immediately terminated by Defendant CABRERA.

85. As a result of Defendant TJX'S unlawful use of duress and coercion, Plaintiff HONICK suffered actual harm and injuries, including the deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression, and stress.

86. In addition, by reason of the note that Plaintiff signed under duress, Plaintiff HONICK has suffered financial hardship and difficulties by being required to make payments on Defendant TJX's economic-duress, and fraud based, notes .

87. That for all the foregoing reasons, Plaintiff HONICK seeks judgment against all Defendants in the sum of ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($1,500,000)

**AS A CAUSE OF ACTION BASED ON THE FRAUDLENT INDUCEMENT TO SIGN A FALSE STATEMENT OF ADMISSION**

88. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

89. On June 23, 2005 Defendant TJX, through its company Loss Prevention agents subjected Plaintiff HONICK to unlawful harassment duress and coercion.

90.  In connection with that harassment, and at the same time, Defendant TJX
     fraudulently induced Plaintiff HONICK to sign a false admission of
     wrongdoing, and a promissory note.

91.   Defendant TJX, through its Loss Prevention agents made a material
      misrepresentation, stating that if Plaintiff HONICK signed the admission and
      promissory note, her position would not be terminated.

92. Defendant TJX knew that its representations were false as it was the intent of this
    Defendant to terminate Plaintiff HONICK and the other Plaintiffs in retaliation
    for their complaints of unwelcome sexual harassment.

93. Plaintiff HONICK relied on the statements made by Defendant TJX's agents
    to her detriment: The only reason Plaintiff HONICK signed the false
    admission and promissory note was because she was told that by doing so she
    would be able to preserve her position with the company.

94. The representations by TJX's agents were false, as Plaintiff HONICK was
    terminated immediately upon signing the false admission and promissory note.

95. As a result of the fraudulent inducement by TJX, Plaintiff HONICK was
    injured by being terminated from her employment, forced to pay a debt based on
    an unlawfully executed false admission and note, and otherwise suffered actual
    harm and injuries, including the deprivation of her civil  rights and sustained
    severe emotional distress, mental anguish, humiliation intimidation, harm to
    reputation, anxiety, depression and stress.

96. That for all the foregoing reasons, Plaintiff HONICK seeks judgment against
    all Defendants in the sum of TWO MILLION DOLLARS ($2,000,000)

**AS A CAUSE OF ACTION BY PLAINTIFF LELLE**
**BASED UPON SEXUAL HARASSMENT IN THE WORKPLACE**

97. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98. Plaintiff LELLE is a member of a protected class under Title VII of the Civil Rights Act of 1964.

99. Starting in December 2003, and due to the actions of Defendant RICK KAISER, Plaintiff LELLE suffered unwelcome sexual harassment.

100. That Defendant KAISER while employed as Store Manager at the Kings Park store, purposefully and intentionally made crude, derogatory and sexually explicit remarks and gestures to Plaintiff LELLE.

101. Defendant KAISER's crude, sexually derogatory and inappropriate remarks, gestures, and harassment were sufficiently severe and pervasive so as to alter the conditions of Plaintiff LELLE's employment and to create an abusive and hostile work environment.

102. Defendant Kaiser knew his objectionable conduct made Plaintiff LELLE uncomfortable, but he continued to sexually harass Plaintiff LELLE.

103. Defendant KAISER's pervasive pattern and practice of sexually harassing Plaintiff LELLE over the course of several months was extreme and outrageous and exceeded all bounds of decency tolerated in a civilized society.

104. Due to the above stated unwelcome sexual harassment by Defendant KAISER, on or about January 5, 2005, Plaintiff LELLE utilized the Defendant TJX's "Open Door" policy to complain to upper management about the sexual harassment by Defendant KAISER.

105.  By complaining of conduct prohibited by law, Plaintiff LELLE engaged in
     activity that was protected by federal and state law.

106. Defendants TJX and CABRERA knew that Plaintiff LELLE had used the
     Open Door policy, but failed to take effective remedial action as required by law.

107. As District Manager for TJX, Defendant CABRERA was required to ensure that
     following the complaints of sexual harassment by Plaintiff LELLE that
     the hostile work environment created by Defendant KAISER had ended.

108. Defendants TJX and CABRERA failed to ensure, as required by law that
     the hostile work environment had in fact been eliminated.

109.  Due to Defendant TJX's failure to effectively correct Defendant KAISER's
     continuous and sexually harassing misconduct, Plaintiff LELLE continued
     to suffer  unwelcome sexual harassment.

110.  As a result of Defendant KAISER's conduct and the failure of Defendants
     CABRERA and TJX to take effective corrective action, Plaintiff LELLE
     suffered deprivation of her civil rights, sustained severe emotional distress,
     mental anguish, humiliation, intimidation, harm to reputation, anxiety,
     depression and stress.

111. That for all the foregoing reasons, Plaintiff LELLE seeks judgment against
     all Defendants in the amount of TWO MILLION DOLLARS  ($2,000,000)

### AS A CAUSE OF ACTION BY PLAINTIFF LELLE
### FOR WRONGFUL TERMINATION

112. Plaintiff repeats and re-alleges each and every allegation set forth above with the
     same force and effect as if more fully set forth herein.

113. Plaintiff LELLE was qualified for the position of Sales Associate.

114. On June 23, 2005, Plaintiff LELLE suffered an adverse employment action
when she was terminated by Defendant TJX because of her complaints about
Defendant KAISER's unwelcome sexual harassment.

115. There is a causal connection between Plaintiff LELLES's complaints
of unwelcome sexual harassment and her termination by TJX.

116. That the decision to terminate Plaintiff LELLE's employment occurred
under circumstances which give rise to an inference of discrimination.

117. That the termination by Defendant TJX was based on retaliation for the
complaints made by Plaintiff LELLE.

118. That due to the wrongful termination Plaintiff LELLE suffered deprivation of
her civil rights and sustained severe emotional distress, mental anguish,
humiliation, ntimidation, harm to reputation, anxiety, depression and stress.

119. That for all the foregoing reasons, Plaintiff LELLE seeks judgment against
all Defendants in the sum of  THREE MILLION  DOLLARS  ($3,000,000)

### AS A CAUSE OF ACTION BASED ON UNLAWFUL USE OF DURESS AND COERCION

120. Plaintiff repeats and re-alleges each and every allegation set forth above with the
same force and effect as if more fully set forth herein.

121. On or about June 23, 2005 Defendant TJX through its Loss Prevention agents
subjected Plaintiff LELLE to unlawful harassment, intimidation, mental
distress, economic distress, undue influence and coercion.

122.  As a result of the harassment, intimidation, mental distress, economic distress,
undue influence and coercion. Plaintiff LELLE was precluded from the exercise
of her own free will, and was forced to sign a false admission of wrongdoing.

123. Included among the coercive acts perpetrated by Defendant TJX was the threat

of termination of Plaintiff LELLE's employment as Sales Associate.

124. Once plaintiff LELLE signed the false admission she was immediately

terminated  by Defendant CABRERA.

125. As a result of Defendant TJX'S unlawful use of duress and coercion, Plaintiff

LELLE suffered actual harm and injuries, including the deprivation of her

civil rights and sustained severe emotional distress, mental anguish, humiliation,

intimidation, harm to reputation, anxiety, depression, and stress.

126. That for all the foregoing reasons, Plaintiff LELLE seeks judgment against

all Defendants in the sum of ONE MILLION, FIVE HUNDRED THOUSAND

DOLLARS ($1,500,000)

**AS A CAUSE OF ACTION BASED ON THE FRAUDLENT**
**INDUCEMENT TO SIGN A FALSE STATEMENT OF ADMISSION**

127. Plaintiff repeats and re-alleges each and every allegation set forth above with the

same force and effect as if more fully set forth herein.

128. On June 23, 2005 Defendant TJX, through its company Loss Prevention agents

subjected Plaintiff LELLE to unlawful harassment duress and coercion.

129.  In connection with that harassment, and at the same time, TJX fraudulently

induced Plaintiff LELLE to sign a false admission of wrongdoing.

130.  Defendant TJX, through its Loss Prevention agents made a material

misrepresentation, stating that if Plaintiff LELLE signed the admission, her

position would not be terminated.

131. Defendant TJX knew that its representations were false as it was the intent of Defendant TJX to terminate Plaintiff LELLE and the other Plaintiffs in retaliation for their complaints of unwelcome sexual harassment.

132. Plaintiff LELLE relied on the statements made by Defendant TJX's agents to her detriment: The only reason Plaintiff LELLE signed the false admission was because she was told that by doing so she would be able to preserve her position with the company.

133. The representations by TJX's agents were false, as Plaintiff LELLE was terminated immediately upon signing the false statement of wrongdoing.

134. As a result of the fraudulent inducement by TJX, Plaintiff LELLE was injured by being terminated from her employment, and otherwise suffered actual harm and injuries, including the deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation intimidation, harm to reputation, anxiety, depression and stress.

135. That for all the foregoing reasons, Plaintiff LELLE seeks judgment against all Defendants in the sum of TWO MILLION DOLLARS ($2,000,000)

**AS A CAUSE OF ACTION BY PLAINTIFF SERRAINO**
**BASED UPON SEXUAL HARASSMENT IN THE WORKPLACE**

136. Plaintiff SERRAINO repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

137. Plaintiff SERRAINO is a member of a protected class under Title VII of the Civil Rights Act of 1964.

138. Starting in December 2003, and due to the actions of Defendant RICK KAISER, Plaintiff SERRAINO suffered unwelcome sexual harassment.

139. That Defendant KAISER while employed as Store Manager at the Kings Park store, purposefully and intentionally made crude, derogatory and sexually explicit remarks and gestures to Plaintiff SERRAINO.

140. Defendant KAISER's crude, sexually derogatory and inappropriate remarks, gestures, and harassment were sufficiently severe and pervasive so as to alter the conditions of Plaintiff SERRAINO's employment and to create an abusive and hostile work environment.

141. Defendant Kaiser knew his objectionable conduct made Plaintiff SERRAINO uncomfortable, but he continued to sexually harass Plaintiff SERRAINO.

142.  Defendant KAISER's pervasive pattern and practice of sexually harassing Plaintiff SERRAINO over the course of several months was extreme and outrageous and exceeded all bounds of decency tolerated in a civilized society.

143. Due to the above stated unwelcome sexual harassment by Defendant KAISER, on or about January 5, 2005, Plaintiff SERRAINO utilized the Defendant TJX's Human Resources Department to complain to upper management about the sexual harassment by  Defendant KAISER.

144.  By complaining of conduct prohibited by law, Plaintiff SERRAINO engaged in activity that was protected by federal and state law.

145. Defendants TJX and CABRERA knew that Plaintiff SERRAINO complained about Defendant KAISER, but failed to take effective remedial action.

146. As District Manager for TJX, Defendant CABRERA was required to ensure that following the complaints of sexual harassment by Plaintiff SERRAINO that the hostile work environment created by Defendant KAISER had ended.

148. Defendants TJX and CABRERA failed to ensure, as required by law that
the hostile work environment had in fact been eliminated.

149.  Due to Defendant TJX's failure to effectively correct Defendant KAISER's
continuous and sexually harassing misconduct, Plaintiff SERRAINO continued
to suffer unwelcome sexual harassment.

150. As a result of Defendant KAISER's conduct and the failure of Defendants
CABRERA and TJX to take effective corrective action, Plaintiff SERRAINO
suffered deprivation of her civil rights, sustained severe emotional distress,
mental anguish, humiliation, intimidation, harm to reputation, anxiety,
depression and stress.

151. That for all the foregoing reasons, Plaintiff SERRAINO seeks judgment against
all Defendants in the amount of TWO MILLION DOLLARS ($2,000,000)

**AS A CAUSE OF ACTION BY PLAINTIFF SERRAINO
FOR WRONGFUL TERMINATION**

152. Plaintiff repeats and re-alleges each and every allegation set forth above with the
same force and effect as if more fully set forth herein.

153. Plaintiff SERRAINO was qualified for the position of Sales Associate.

154. On June 23, 2005, Plaintiff SERRAINO suffered an adverse employment action
when she was terminated by Defendant TJX because of her complaints about
Defendant KAISER's unwelcome sexual harassment.

155. There is a causal connection between Plaintiff SERRAINOS's complaints
of unwelcome sexual harassment and her termination by TJX.

156. That the decision to terminate Plaintiff SERRAINO's employment occurred
under circumstances which give rise to an inference of discrimination.

157. That the termination by Defendant TJX was based on retaliation for the complaints made by Plaintiff SERRAINO.

158. That due to the wrongful termination, Plaintiff SERRAINO suffered deprivation of her civil rights and sustained severe emotional distress, mental anguish. humiliation, intimidation, harm to reputation. anxiety, depression and stress.

159. That for all the foregoing reasons, Plaintiff SERRAINO seeks judgment against all Defendants in the sum of THREE MILLION DOLLARS ($3,000,000)

## AS A CAUSE OF ACTION BASED ON UNLAWFUL USE OF DURESS AND COERCION

160. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

161. On or about June 23, 2005 Defendant TJX through its Loss Prevention agents subjected Plaintiff SERRAINO to unlawful harassment, intimidation, mental distress, economic distress, undue influence and coercion.

162. As a result of the harassment, intimidation, mental distress, economic distress, undue influence and coercion. Plaintiff SERRAINO was precluded from the exercise of her own free will, and was forced to sign a false admission of wrongdoing, and a promissory note in favor of Defendant TJX.

163. Included among the coercive acts perpetrated by Defendant TJX was the threat of termination of Plaintiff SERRAINO's employment as Sales Associate.

164. Once plaintiff SERRAINO signed the false admission and promissory note, she was immediately terminated by Defendant CABRERA.

165. As a result of Defendant TJX'S unlawful use of duress and coercion, Plaintiff SERRAINO suffered actual harm and injuries, including the deprivation of her civil rights and sustained severe emotional distress, mental anguish, humiliation, intimidation, harm to reputation, anxiety, depression, and stress.

166. In addition, by reason of the note that Plaintiff signed under duress, Plaintiff SERRAINO has suffered financial hardship and difficulties by having to make payments on Defendant TJX's economic-duress, and fraud based, notes .

167. That for all the foregoing reasons, Plaintiff SERRAINO seeks judgment against all Defendants in the sum of ONE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($1,500,000)

**AS A CAUSE OF ACTION BASED ON THE FRAUDLENT INDUCEMENT TO SIGN A FALSE STATEMENT OF ADMISSION**

168. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

169. On June 23, 2005 Defendant TJX, through its company Loss Prevention agents subjected Plaintiff SERRAINO to unlawful harassment duress and coercion.

170. In connection with that harassment, and at the same time, Defendant TJX fraudulently induced Plaintiff SERRAINO to sign a false admission of wrongdoing, and a promissory note.

171. Defendant TJX, through its Loss Prevention agents made a material misrepresentation, stating that if Plaintiff SERRAINO signed the admission and promissory note, her position would not be terminated.

172. Defendant TJX knew that its representations were false as it was the intent of this Defendant to terminate Plaintiff SERRAINO and the other Plaintiffs in retaliation for their complaints of unwelcome sexual harassment.

173. Plaintiff SERRAINO relied on the statements made by Defendant TJX's agents to her detriment: The only reason Plaintiff SERRAINO signed the false admission and promissory note was because she was told that by doing so she would be able to preserve her position with the company.

174. The representations by TJX's agents were false, as Plaintiff SERRAINO was terminated immediately upon signing the false admission and promissory note.

175. As a result of the fraudulent inducement by TJX, Plaintiff SERRAINO was injured by being terminated from her employment, forced to pay a debt based on an unlawfully executed false admission and note, and otherwise suffered actual harm and injuries, including the deprivation of her civil rights, and sustained severe emotional distress, mental anguish, humiliation intimidation, harm to reputation, anxiety, depression and stress.

176. That for all the foregoing reasons, Plaintiff SERRAINO seeks judgment against all Defendants in the sum of TWO MILLION DOLLARS ($2,000,000)

**WHEREFORE,** Plaintiffs demand judgment against all Defendants on all Causes of Action in the sum of THIRTY MILLION DOLLARS ($30,000,000), together with interest, attorneys fees, costs, and disbursements of this action as well as such other relief as may be just and proper.

Dated: June 29, 2010

LARRY J. McCORD &ASSOCIATES, LLC

*By____Larry J McCord*_____

Attorney for Plaintiffs EILEEN CONNOLLY, PAULETTE HONICK,
DARLENE LELLE and LORRAINE SERRAINO
1291 Straight Path
North Babylon, NY 11704
 (631) 643-3084