**SEYFARTH**
ATTORNEYS **SHAW** LLP

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
212-218-5507

Writer's e-mail
dkesselman@seyfarth.com

July 2, 2010

**VIA ECF**

Honorable Joanna Seybert
United States District Court Judge
United States District Court for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722-9014

> Re:   Connolly, et al. v. The TJX Companies, Inc. et al.
>        Index No. 07 Civ. 3282 (JS) (WDW)

Dear Judge Seybert:

As Your Honor is aware, this Firm represents Defendants The TJX Companies, Inc., Rick Kaiser, and Armando Cabrera (collectively "TJX") in the above-referenced action. We write in response to Plaintiffs' June 24, 2010 letter motion ("Pl. Mem.") requesting that the Court impose Rule 11 sanctions against counsel for TJX. For the reasons set forth below, TJX respectfully requests that the Court deny Plaintiffs' vexatious and unsupportable request for sanctions, award TJX the costs associated with responding to Plaintiffs' frivolous motion, and grant such other and further relief as the Court may deem just and proper.[1]

## Background

By letter dated April 15, 2010, counsel for TJX requested a Rule 56 pre-motion conference with Your Honor in accordance with Your Honor's Individual Motion Practices. (*See* Pl. Mem., Exhibit A.) The pre-motion conference letter sets forth a summary of TJX's anticipated arguments that it would make in support of its anticipated motion for summary judgment, and attached TJX's Local Civil Rule 56.1 Statement of Undisputed Material Facts (the "56.1 Statement") and Plaintiffs' responses to the 56.1 Statement, in which the factual and evidentiary bases for the anticipated

---

[1]     All apart from the lack of any substantive merit to Plaintiffs' motion, Plaintiffs' letter fails to comply with Local Rule 6.1's most basic requirements of a Notice of Motion, supporting affidavits, and a memorandum of law to support any motion, and particularly an extraordinary motion such as this one, instead submitting only an informal letter motion. As the Court's own Individual Motion Practices set out, "Strict compliance with the Court's Motion Practices, the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District of new York is required. Submissions not in compliance will not be considered by the Court." (Individual Motion Practices of Judge Joanna Seybert (Amended May 2009), Section IV.) Plaintiffs' failure to comply with Local Rule 6.1 should result in the rejection of this motion out of hand on this basis alone. TJX submits this opposition letter in response to Plaintiffs' letter motion, but is prepared to fully brief the issues at the Court's request.

12460993v.2



motion were laid out.  (Plaintiffs' letter motion attaches only the pre-motion conference letter, and fails to attach the 56.1 Statement and Plaintiffs' responses.   A full copy of the pre-motion conference letter is attached hereto as Exhibit A for the Court's convenience.)  As will be the subject of TJX's motion for summary judgment, Plaintiffs' claims of discrimination, harassment and retaliation are utterly without basis, and the reason for Plaintiffs' terminations was their admitted conduct of multiple rollover of layaways of merchandise in violation of company policy, which enabled Plaintiffs to purchase such items at lower prices than they would otherwise have paid.  (*See* 56.1 Statement ¶¶ 101-104.)  Upon the company's discovery and investigation into this conduct, the Plaintiffs admitted in verbal and written statements to the conduct that violated company policies, and three of the four Plaintiffs signed Promissory Notices agreeing to repay the losses caused to the store as a result of their conduct.  (*See* 56.1 Statement ¶¶ 82-119.)  The factual allegations set forth in the 56.1 Statement set out the facts neutrally and in a straightforward manner.   Undoubtedly, TJX views Plaintiffs' conduct and their admitted violations of company policy as, and will argue them to have been, dishonest and fraudulent, though TJX need not establish any legal "fraud" claims against Plaintiffs.

TJX's pre-motion conference letter is the basis for Plaintiffs' instant motion.  In sum, Plaintiffs object to TJX's characterization of Plaintiffs' repeated rollovers of layaways as "fraudulent."  (Pl. Mem. at 1.)  Plaintiffs further object to TJX's characterization of Plaintiffs having admitted to anything, arguing that their signed statements concerning the conduct for which they were ultimately terminated were "coerced" and "fraudulently induced" (*Id.*) — though Plaintiffs offer nothing to support this assertion, and their own testimony reveals no such coercion.  Plaintiffs also argue that there was never any fraud because in Plaintiffs' counsel's personal view, their repeated rollovers of their layaways of merchandise in violation of company policy while prices came down does not cause a loss to TJX (Pl. Mem, Exhibit B at 1, 3) — a position that the Court questioned seriously during the pre-motion conference and that TJX vigorously disputes.  At bottom, Plaintiffs claim that TJX's pre-motion conference letter somehow sought to improperly "influence" the Court, and therefore seeks sanctions for TJX's "willful refusal to make retractions."  (Pl. Mem. at 3.)

In response to Plaintiffs' counsel first letter on May 6, 2010 threatening to file the instant Rule 11 motion (*see* Pl. Mem., Exhibit B), TJX immediately replied on May 10, 2010, notifying Plaintiffs' counsel that his proposed motion was plainly frivolous and further warning that TJX would seek costs and fees incurred in responding to any such motion.  (*See* May 10, 2010 letter attached hereto as Exhibit B.)  TJX reviewed the bases for its arguments, cited to representative deposition testimony, noted that while Plaintiffs may disagree with TJX's position on the loss caused by Plaintiffs' actions and Plaintiffs argue (baselessly) that the signed admissions were "coerced", TJX vigorously disagreed with those contentions, and Plaintiffs' disagreement with TJX's argument was not a basis for a Rule 11 motion.  (*Id.*)  Notwithstanding this explanation, Plaintiffs submitted a second letter to TJX on May 13, 2010 stating that the instant motion would be filed on June 21, 2010 if there was "no retraction of the objectionable statements."  (Pl. Mem., Exhibit C.)

At the May 14, 2010 pre-motion conference, TJX addressed this issue to the Court's attention, and made clear to the Court its positions and the bases for the arguments in its pre-motion conference letter, and to avoid any misinterpretation, further made clear during the conference that



while Plaintiffs had admitted verbally and in writing to the conduct for which they were ultimately terminated, they had not themselves admitted to "fraud." The Court advised the parties to attempt to resolve the issue themselves before any unnecessary motion was filed. As a result, immediately following the conference, counsel for TJX met outside the courtroom with Plaintiffs' counsel, and after discussing other issues, counsel for TJX addressed Plaintiffs' motion, reiterated its position that the pre-motion conference letter was perfectly appropriate, but stated that because there was no reason to waste any time or money on this issue and in deference to the Court's instructions to work it out, offered to submit a letter to the Court making clear that TJX's arguments were not intended to suggest that Plaintiffs actually admitted to fraudulent conduct, and making clear that they admitted only to the conduct at issue. Plaintiffs' counsel was non-committal but stated that he would consider this approach.

On the morning of June 17, 2010, TJX's counsel called Plaintiffs' counsel in a good faith effort to further discuss and resolve this issue, and left a message for Plaintiffs' counsel. In addition, later that same day, TJX's counsel sent an e-mail to Plaintiffs' counsel attempting to avoid unnecessary motion practice by offering to "clarify to the Court that . . . while the Plaintiffs admitted to the alleged conduct . . . they did not admit to actual 'fraud' in their written statements" and asking Plaintiffs' counsel to advise whether "our advising the court of the above resolves the issues raised by your May 13, 2010 letter." (*See* June 17, 2010 email, attached hereto as Exhibit C.) Plaintiffs' counsel did not call back nor otherwise respond to TJX's telephone call or email.[2] As a result, on June 18, 2010, TJX sent a letter to the Court seeking a conference to determine the most prudent way to seek dismissal of certain of Plaintiffs' baseless claims. In that letter, in an excess of caution and to avoid any unnecessary motion practice, TJX also raised on its own Plaintiffs' counsel's concerns, and reiterated that while TJX did not believe that the Court could have been "improperly influenced" by the use of the word "fraud," if there was any question concerning references to Plaintiffs' "admitted layaway fraud," TJX clarified that "TJX's references to Plaintiff's 'admitted layaway fraud' were clearly intended to reflect that Plaintiffs were terminated for their admitted layaway conduct, which TJX asserts was fraudulent" and that "Plaintiffs did not, however, specifically admit to have engaged in "fraud." (*See* June 18, 2010 letter (without attachments), attached hereto as Exhibit D.)

Even in the face of TJX's good faith effort to avoid this issue altogether, Plaintiffs' counsel filed the instant motion for sanctions.

## ARGUMENT

1.     Plaintiff's Motion Must Be Denied Because TJX's Pre-Motion Conference Letter Has a Legitimate Basis And Does Not Remotely Approach the "Frivolous" or Bad Faith Level Required.

As an initial matter, it is well-settled that Rule 11 sanctions will be issued only in extraordinary circumstances. *See Gortat v. Capala Bros., Inc.*, 07-CV-3629 (SMG), 2008 U.S. Dist. LEXIS 102500, at *4 (E.D.N.Y. Dec. 18, 2008) ("Rule 11 sanctions are an extraordinary remedy and a movant must therefore meet a 'high bar' before sanctions are imposed on an

---

[2]     Notably, Plaintiffs' counsel makes <u>no</u> mention of this telephone call or email in Plaintiffs' motion papers.


adversary.");  *Park v. Seoul Broad. Sys. Co.*, No. 05-CV-8956, 2008 U.S. Dist. LEXIS 17277, at *3-4 (S.D.N.Y. Mar. 6, 2008) (same); *see also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-CV-5316 (RMB), 2006 U.S. Dist. LEXIS 71091, (S.D.N.Y. Sept. 28, 2006) ("Sanctions should always be a (very) last resort.") (citing *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999).  Indeed, "[t]he standard for triggering the award of fees under Rule 11 is objective unreasonableness."  *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000).  Or, as Plaintiff acknowledges, a Rule 11 motion cannot be made "unless a particular allegation is utterly lacking in support."  (Pl. Mem. at 3, citing *O'Brien v. Alexander*, 101 F.3d 1479 (2d Cir. 1996) (emphasis added)).

Here, there is ample evidence to support TJX's argument that Plaintiffs engaged in fraudulent conduct when they repeatedly rolled over layaways for the purpose of securing items at far reduced prices.  (*See* 56.1 Stmt. ¶¶ 101-115.)  Plaintiffs admitted in written and verbal statements to TJX investigators that they indeed engaged in this conduct.  (*Id. at* ¶¶ 105-115.)  While Plaintiffs may not wish for their conduct to have been described as such, and while their terminations were for violating company policy, Plaintiffs cannot point to a single case that suggests that zealous advocacy describing this type of conduct as fraudulent can remotely rise to the level of Rule 11 sanctionable conduct.  Moreover, Plaintiffs cannot seriously argue that TJX attempted to mislead the Court that Plaintiffs admitted in their statements to having engaged in "fraud," as a review of the 56.1 Statement clearly reveals that TJX asserted only that they admitted to company violations and loss to the company.  (*See* 56.1 Stmt. ¶¶ 113-114.)  And, as already noted, in an excess of caution, TJX explicitly corrected any possible misunderstanding by advising the Court that its references to Plaintiffs' "admitted fraud" referred to their admissions of conduct that TJX asserts were fraudulent, and that Plaintiffs did not themselves admit to "fraud."  (*See* Exhibit D at 3.)  Indeed, Plaintiffs' decision to proceed with this baseless motion itself exposes Plaintiffs to sanctions under Rule 11.

Plaintiffs oddly refer to Federal Rule of Civil Procedure 9(b) for the proposition that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake" (Pl. Mem. at 2) for the proposition that TJX's argument that Plaintiffs engaged in fraud is woefully misplaced.  As the Court is no doubt aware, Rule 9 deals with the special pleading requirements for actionable fraud claims alleged in a Complaint.  TJX's pre-motion letter is not a pleading under even a loose construction of the term, nor does TJX allege fraud claims against Plaintiffs.  Indeed, the term "fraud", in its ordinary meaning and as used in TJX's pre-motion conference letter, is defined as "deceit, trickery, sharp practice, or breach of confidence, perpetrated for profit or to gain some unfair or dishonest advantage" (*see* http://dictionary.reference.com/browse/fraud) — easily describing Plaintiffs' conduct in this case.  In fact, while Plaintiffs argue that "the term 'fraud' does not appear anywhere" (Pl. Mem. at 2) — as if that somehow prevents TJX from ever using the term — they fail to advise the Court that the term "dishonest" was used to describe them.  (*See e.g.*, Deposition of Paulette Honick at 267:13-21[3], attached hereto as Exhibit E; *see also* Statements of Plaintiffs and investigators documenting interviews, attached hereto as Exhibit F, at pp. 2 and 6 (classifying "Type of Incident Witnessed" as "Dishonest Associate Interview".)  Plaintiffs' invocation of Rule 9(b) as well as their unilateral and unsupported theories

---

[3]      Q:  Do you recall whether they mentioned that you had been terminated because you were a dishonest employee?

        A:  Well, dishonest and because we caused a loss to the company, yeah."



as to the purpose underlying the Rule, without citation, are simply unavailing.  Nor do the cases cited by Plaintiffs support their motion, and they are, in fact, entirely inapposite as — unlike here — there was simply no factual basis for the asserted claims.[4]

At bottom, TJX is plainly permitted to advocate its view of the facts, and Plaintiffs' disagreement with that view does not permit the filing of this kind of motion.  Indeed, at best, TJX engaged in nothing more than zealous advocacy, which the courts have repeatedly refused to deter with sanctions.  *See E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178 (S.D.N.Y. 2008) ("Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy."); *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) ("Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, <u>while being careful not to rein in zealous advocacy</u>.  Although the imposition of sanctions is within the province of the district court, 'any such decision [should be] made with restraint and discretion.") (emphasis added); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003) ("[W]ith regard to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'") (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)).  Because TJX's April 15 letter was plainly not interposed for any improper purpose, and TJX's clearly innocent argument is further evidence by its good faith effort to resolve Plaintiffs' concerns on two separate occasions and to clarify same with the Court, Plaintiffs' Rule 11 motion must be denied.

    2.    Plaintiffs' Motion Also Fails Because TJX's Pre-Motion Conference <u>Letter is Not the Kind of Pleading Covered By Rule 11.</u>

All apart from the fact that TJX's positions are well within its rights and readily supported, because of the reluctance to impose Rule 11 sanctions in all but the most egregious cases, the courts of this Circuit have noted that letters such as TJX's pre-motion conference letter are <u>not</u> of the type that would qualify as "other paper" for purposes of Rule 11.  *See, e.g., In re Highgate Equities, Ltd.*, 279 F.3d 148, 153 (2d Cir. 2002) (noting that "courts have been properly reluctant to characterize a letter generally as an 'other paper' on weighing Rule 11 sanctions"); *Davidson v. Vohann of California, Inc.*, No. 87-CV-3842, 1989 U.S. Dist. LEXIS 6789 (S.D.N.Y. June 19, 1989) (noting

---

[4]     For example, in *Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 49 (2d Cir. N.Y. 1988), the Plaintiff was sanctioned for alleging fraud where was no factual basis for such a claim (such claims, it should be noted, are subject to FRCP 9(b)), and only upon a finding through affidavits that there was <u>no</u> evidentiary basis for such a claim.  Here, on the other hand, there is ample evidence to support TJX's argument (<u>not</u> cause of action).  Similarly, Plaintiff cites to *Eastway Constr. Corp. v. New York*, 762 F.2d 243 (2d Cir. N.Y. 1985) where plaintiffs brought frivolous civil rights and antitrust claims despite the complete lack of any factual support.  In *Banco Portugues Do Atlantico v. Magi France, Ltd.*, No. 88-CV-5221 (JES), 1990 U.S. Dist. LEXIS 1642 (S.D.N.Y. Feb. 14, 1990), the Court awarded sanction where a motion to vacate based on a lack of service was found to be baseless where defendants perjured themselves in their testimony about the service.  Finally, while Plaintiff cites to *Legault v. Zambarano*, 105 F.3d 24 (1st Cir. 1997) for the proposition that sanctions are appropriate where a letter was sent "with the intent to influence the court" (Pl. Mem. at 3), that case involved a letter that was impermissibly and deliberately copied to the presiding Magistrate Judge three days before a preliminary injunction hearing, which the Court found was "with the intent to influence the court, at a time and in a manner calculated to insure its impact", and the letter actually influenced the Magistrate Judge in making his recommendation.  Here, on the other hand, the pre-motion conference letter was sent as part of the ordinary compliance with the Court's rules, and Plaintiff is unable to show any way in which the Court was somehow influenced by the letter.  All of these cases are simply inapposite.



that "a letter used as a substitute for a more formal filed document may come within the sweep of Rule 11. But <u>a letter that has no analog in formal court papers is beyond the scope of the rule</u>.") (citing Advisory Committee Notes to Rule 11). For this reason too, Plaintiffs' motion must fail.

Indeed, even the cases cited by Plaintiffs compel this conclusion. For example, Plaintiffs acknowledge the "judicial reluctance to characterize a letter generally as an other paper." (Pl. Mem. at 3.) Indeed, Plaintiff cites to *Curley v. Brignoli Curley & Roberts*, 128 F.R.D. 613 (S.D.N.Y. 1989), in which the Court noted that the contention that Rule 11 should apply to any paper sent to the court, such as a letter, is not supportable (and, it should be noted rejected any award for sanctions.) Plaintiff also argues that "the April 15 letter is actually a motion in disguise." (Pl. Mem. at 3.) One is hard-pressed to understand how that could be the case - TJX sought no relief, and was merely complying with the Court's procedures with the understanding that the pre-motion conference letter was <u>not</u> a motion, and that TJX would of course be required to file its summary judgment motion to obtain the dismissal of this case. As such, Plaintiffs' motion must be denied.

       3.      **Plaintiffs' Motion Should be Denied, and Sanctions Issued Against Plaintiffs, Because TJX Went So Far As To Appropriately Correct Any <u>Possible Misunderstanding.</u>**

Finally, Rule 11(c)(2) specifically provides that a Rule 11 motion "must not be filed or be presented to the court if the challenged papers, claim, defense, contention or denial is withdrawn or appropriately corrected." Here, while TJX's pre-motion conference letter was absolutely permissible advocacy as noted above, in an excess of caution TJX "appropriately corrected" any possible misunderstanding complained of by Plaintiffs. (*See* Exhibit D at 3.) Plaintiffs fail to offer any basis as to how TJX's June 18 letter (Exhibit D) in any way fails to address their concerns. Once TJX did so, any possible basis for Plaintiffs' having considered filing the motion evaporated, and they had a good faith obligation not to proceed with the instant motion. Moreover, TJX warned Plaintiffs that their motion was unwarranted and would subject them to sanctions (*see* Exhibit B), and made several efforts to avoid the necessity for this motion. (*See* Exhibit C.) As such, not only must Plaintiffs' motion be denied in its entirety, but Plaintiffs' motion is itself a violation of Rule 11(b)(1), and Plaintiffs should be sanctioned for imposing on TJX unnecessary litigation costs in having to respond to this motion.

<u>Conclusion</u>

For each of the reasons set out above, and as set out in Defendants' May 10 and June 18 letters, TJX respectfully requests that the Court deny Plaintiffs' motion, award TJX the costs associated with responding to Plaintiffs' motion, and grant such other and further relief as the Court may deem just and proper.

                     Respectfully submitted,

                     SEYFARTH SHAW LLP

                     s/ Dov Kesselman

cc:     Larry J. McCord, Esq. *(via ECF)*