# EXHIBIT B

12204492v.1

# SEYFARTH SHAW LLP
### ATTORNEYS

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

May 10, 2010

**VIA E-MAIL (LARRYLARDAN@AOL.COM)**

Larry McCord, Esq.
1291 Straight Path
West Babylon, New York 11704

  Re: Connolly et al v. The TJX Companies, Inc., Kaiser, Cabrera (collectively, "TJX")
     <u>Case No. 07-CV-3282 (JS)</u>

Dear Mr. McCord:

  We write in response to your letter dated May 6, 2010 attaching a proposed "letter motion," which you assert will be submitted to Judge Seybert "if the grievance set forth [therein] is not satisfactorily resolved by May 11, 2010." For the reasons that follow, we strongly encourage you to abstain from submitting your frivolous letter motion. Plaintiffs' proposed letter motion is wholly without merit and should Plaintiffs insist on filing this frivolous letter, TJX will have no choice but to once again seek sanctions against Plaintiffs for this conduct.

  The gravamen of your proposed letter motion appears to be Plaintiffs' disagreement over TJX's characterization of the conduct in which your clients admittedly engaged as "fraud" in its defense of this action and, in particular, in its pre-motion letter submitted to the Court on April 15, 2010. As an initial matter, your reference to Federal Rule of Civil Procedure 11(b)(3) and your contention that TJX's representations to the Court lack evidentiary support is grossly misplaced. Rule 11(b)(3) provides, in part:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances...the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3). The evidentiary support for the fraud perpetrated by Plaintiffs — and which precludes your baseless attempt to misuse Rule 11 — abounds throughout the discovery taken to date in this case. First, it is undisputed that Plaintiffs Connolly, Honick and Serraino signed admissions detailing their involvement in a practice that deprived TJX of additional

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA



Larry McCord, Esq.
May 10, 2010
Page 2

revenue.[1] While Plaintiffs now desperately dispute the reliability of these signed admissions and contend that they were executed under "duress," "coercion," or "fraudulent inducement," those are merely contentions which TJX vigorously disputes. The existence of these admissions alone provides the "evidentiary support" sufficient to characterize Plaintiffs' conduct as fraudulent under Rule 11(b)(3).

Second, each of the Plaintiffs testified to engaging in the very conduct that constitutes the fraud. While, as their counsel, you may disagree with the characterization of the Plaintiffs' respective violations of TJX's layaway policy as "fraud," your opinion in no way detracts from the fact that each Plaintiff testified that they put merchandise on layaway at a higher price and "rolled" it over until such a time that the price of the merchandise dropped considerably, before making the purchase (see, e.g., Connolly Dep. 135:12-136-7; Serraino Dep. 196:8-23; Honick Dep. 159:7-24; Lelle Dep. 86:17-20), all in violation of TJX's policy and in a manner that TJX indeed asserts was fraudulent. However Plaintiffs seek to portray it, the fact remains that Plaintiffs' repeated admissions to engaging in the conduct constitute the "evidentiary support" that absolves TJX from even passing concern as to the imposition of sanctions under Rule 11.

We further note that your reference to Federal Rule of Civil Procedure 9(b) for the proposition that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake" is misplaced. Rule 9 is entitled "Pleading Special Matters." TJX's pre-motion letter is not a pleading under even a loose construction of the term. Therefore, your invocation of the Rule as well as your unilateral and unsupported theories as to the purpose underlying the Rule, without citation, are unavailing.

In short, your proposed letter motion is plainly frivolous. TJX declines to offer any retraction, apology, or otherwise respond to Plaintiffs' threats. To the extent Plaintiffs disagree with the bases of TJX's summary judgment motion, they may certainly oppose the motion at the appropriate time and in the appropriate manner. As such, we sincerely hope that Plaintiffs reconsider this avenue. In the event Plaintiffs file the letter motion, however, please be on notice that TJX will seek all costs and fees incurred in responding to the unmeritorious filing and will seek sanctions, similar to those imposed against you by the October 21, 2009 Order of the Hon. William D. Wall for your prior disregard of the litigation process.

Please do not hesitate to contact us with any questions.

Sincerely,

SEYFARTH SHAW LLP

Dov Kesselman, Esq.

cc:   Brian Murphy, Esq.

---

[1] We recognize that Plaintiffs now dispute that their actions deprived TJX of any revenue, and note that you expend considerable energy in your letter to this point. We do not believe it necessary to respond to your misguided understanding of the economics of the issue at this point other than to note that your differing view does not preclude TJX from maintaining its clearly supported position.

12307392v.2