# EXHIBIT C

12204492v.1

## Kesselman, Dov

| | |
|---|---|
| **From:** | Kesselman, Dov |
| **Sent:** | Thursday, June 17, 2010 11:35 AM |
| **To:** | 'LarryLardan@aol.com' |
| **Cc:** | Murphy, Brian |
| **Subject:** | Connolly v. TJX, 07-CV-3282 |

Dear Mr. McCord,

I left you a voicemail this morning to clarify how you propose to withdraw the claims that have no basis, and I look forward to speaking with you today to resolve this issue to the extent possible.

In addition, I would like to also address your letter of May 13, 2010 concerning Defendants' pre-motion conference letter, and your stated concerns that the references to "admitted layaway fraud" were intended to improperly influence Judge Seybert.  As you will recall from our discussion after the pre-motion conference, while we believe that the pre-motion conference letter accurately reflects Defendants' positions as they will be argued, and there was clearly no intention to "improperly influence" Judge Seybert, we have no problem clarifying any potential misunderstanding that Plaintiffs believe may be read.

As such, in a good faith effort to avoid unnecessary further motion practice, Defendants will clarify to the Court that for the purposes of absolute clarity, our pre-motion conference letter, which set out in summary form Defendants' view of the case, was intended to reflect that Plaintiffs were terminated for their violations of TJX policy against roll-over layaways, and that Plaintiffs indeed admitted in their written statements to having engaged in such roll-over layaways, which admitted conduct TJX asserts was indeed fraudulent.  However, in light of Plaintiffs' concern that the letter suggests that they admitted to having engaged in "fraud" and that the Court might have been "improperly influenced", we will make clear that while the Plaintiffs admitted to the alleged conduct and apologized and promised to repay the store for their actions, they did not admit to actual "fraud" in their written statements.  TJX's references to Plaintiffs "admitted layaway fraud" clearly was intended to reflect that Plaintiffs were terminated for their admitted layway conduct, which TJX asserts was fraudulent and served as the basis for their termination.

While we believe that this was clear from the overall context of our letter, and that we clarified this to the Judge at the pre-hearing conference, we will do so again should that clarify the issue.  Please advise us of your acknowledgement that our advising the court of the above resolves the issues raised by your May 13, 2010 letter.  Thank you.

Sincerely,

Dov Kesselman