# EXHIBIT D

12204492v.1

# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-5507

Writer's e-mail
dkesselman@seyfarth.com

June 18, 2010

**VIA ECF**

Honorable Joanna Seybert
United States District Judge
United States District Court for the Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722-9014

    Re:    Connolly, et al. v. The TJX Companies, Inc. et al.
             Index No. 07 Civ. 3282 (JS) (WDW)

Dear Judge Seybert:

    As Your Honor is aware, we represent Defendants The TJX Companies, Inc., Rick Kaiser and Armando Cabrera (collectively, "TJX") in the above-referenced action. We write to request a conference with the Court to address the most prudent approach to seeking dismissal of some of Plaintiffs' baseless claims in an effort to narrow the issues for summary judgment, and in advance of setting the summary judgment briefing schedule.

    As the Court may recall, Your Honor held a pre-motion conference with the parties on May 14, 2010 in connection with TJX's anticipated summary judgment motion. During that conference, TJX provided the Court and Plaintiffs' counsel with a chart showing that many of the sixty-three (63) causes of action asserted by Plaintiffs in the Complaint failed as a matter of law for a variety of very straightforward legal reasons, and which we believed Plaintiffs' counsel should voluntarily dismiss in order to avoid unnecessary briefing of claims that had no arguable basis. Specifically, TJX argued that Plaintiffs' claims for: (i) negligent hiring (Counts 4, 20, 36 and 51); (ii) negligence due to sexual harassment (Counts 6, 22, 38, and 53); (iii) negligent misrepresentation due to sexual harassment (Counts 7, 23, 39 and 54); (iv) breach of contract due to sexual harassment (Counts 8, 24, 40 and 55); (v) civil conspiracy (Counts 12, 28, 43 and 59); (vi) intentional infliction of emotional distress against Kaiser (Counts 13, 29, 44, 60); (vii) negligence against Kaiser (Counts 14, 30, 45 and 61); (viii) negligence against Cabrera (Counts 15, 31, 46 and 62); and (ix) civil

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



conspiracy against Cabrera (Counts 16, 32, 47 and 63), each fail as a matter of law for purely legal reasons without reference to the facts underlying them.[1]

In light of TJX's argument, and in furtherance of the Court's effort to narrow the issues that TJX would have to address in connection with its anticipated motion, the Court directed Plaintiff to consider withdrawal of these baseless claims, and the Court requested that TJX provide Plaintiff with some case law for each of the claims that we proposed should be simply withdrawn. TJX accordingly provided Plaintiff with the same chart with the addition of the legal authority that requires dismissal of the above-referenced causes of action as a matter of law by letter dated May 17, 2010. (See Ex. A.)

Plaintiffs responded by letter dated May 28, 2010, and appeared to largely agree with TJX's assessment of the lack of legal grounds for most of the above referenced claims. (See Ex. B.) Plaintiffs' counsel expressed concern, however, as to how to effectuate dismissal of the above-referenced causes of action while at the same time preserving the factual allegations underlying each cause of action, as Plaintiffs' counsel suggested that the factual allegations themselves remain relevant to Plaintiffs' Title VII claims. Following a conversation between counsel on June 2, 2010, and by letter dated June 3, 2010, TJX proposed that Plaintiffs execute a Stipulation of Dismissal withdrawing those causes of action, but expressly stipulating that the factual allegations associated with each of the withdrawn causes of action remain to the extent they supported Plaintiffs' Title VII claims. (See Ex. C.) TJX enclosed with the June 3 communication a draft Stipulation of Dismissal reflecting these proposals. (Id.)

Plaintiffs responded by letter dated June 14, 2010 and indicated that they would not enter into the Stipulation of Dismissal. (See Ex. D.) Plaintiffs contended that the Court would for some reason take a "dim view" of any dismissal of the above-referenced causes of action as independent claims. Plaintiffs further contended that dismissal of these causes of action would "edit[] their case into oblivion" and that even if Plaintiffs were agreeable to the Stipulation, it would effectively be an amendment of the Complaint under Fed. R. Civ. P. 15(a)(2) and would require leave of the Court. (Id.) Plaintiffs did not suggest an alternative approach to effecting dismissal of the meritless causes of action. We have contacted Plaintiffs' counsel to determine how they propose to proceed, as we believe that the Court would certainly So Order a stipulation dismissing those claims that are without any basis, and indeed, it is Plaintiffs' obligation to withdraw those claims that have no legitimate basis. We have not heard back, and given the correspondence, we believe that the Court's involvement may assist in resolving these issues.

As such, TJX respectfully requests a conference to resolve these issues in a manner satisfactory to the Court. We would also anticipate setting a briefing schedule for TJX's motion at the same time.

---

[1] We also suggested that Plaintiffs' claims for duress/coercion premised on Plaintiffs' signing of promissory notes (Counts 9, 25, 41 and 56) also do not state an independent claim, but given Plaintiffs' position, we will address that claim on summary judgment.



Finally, Your Honor may recall that during the initial pre-motion conference, Plaintiffs' counsel raised concerns about TJX's pre-motion conference letter, which summarized TJX's position and noted that Plaintiffs were terminated because of their admitted roll-over of layaway products in violation of TJX policy, which conduct TJX asserts was fraudulent. Plaintiffs raised the concern that TJX's letter could be read to suggest that Plaintiffs admitted to having engaged in "fraud" and that Your Honor might have been "improperly influenced." As we indicated at the conference, and as we advised Plaintiffs' counsel, we wish to make clear that Plaintiffs admitted in their written statements and investigative interviews to the roll-over of layaways and apologized and promised to repay the store for their actions, and it is to this that TJX's pre-motion letter refers; the Plaintiffs did not, however, specifically admit to having engaged in "fraud." TJX's references to Plaintiff's "admitted layaway fraud" were clearly intended to reflect that Plaintiffs were terminated for their admitted layaway conduct, which TJX asserts was fraudulent and served as the basis for their termination. While we expect that this was clear to the Court from the overall context of the letter, we trust that this resolves any question or concern that Plaintiffs may have.

We thank Your Honor for the Court's consideration of these matters, and remain available for a conference at the Court's convenience. Thank you.

                Respectfully submitted,
                SEYFARTH SHAW LLP


                /s/ *Dov Kesselman*


cc:    Larry J. McCord, Esq.
        Brian Murphy, Esq.

