# EXHIBIT F

12204492v.1

I, Paulette Honick on this date, June 23'05, spoke with Bill Jansson from LPD and discussed with him about Layaway. Approx. 4 yrs. ago started putting items on Layaway and then cancelling to wait for markdowns, if they didn't go down, put them back on layaway and I understood the policy and knew it was wrong. I understand that I caused a loss to TJ Maxx for $2000.00. Even though I knew it was wrong, I did it to save money. I agree to pay back to T.J. Maxx $50.00 a month beginning July 15, 2005 until the note is paid. I want to say that I'm sorry for doing this and it won't ever be done again.

Paulette Honick

# T·J·maxx

FORM NB 337 REV. 10/85
SO-137

## LOSS PREVENTION WITNESS STATEMENT OF INCIDENT
(Please Print or Write Legibly)

STORE STAMP

CASE NO.: LP - 08-0584-05-0005

DATE: 6/22/05    TIME: 12:45    AM / **PM**

WITNESS NAME: Mary-Aileen McCall    POSITION: Dist LP Manager

TYPE OF INCIDENT WITNESSED: Dishonest Associate Interview

### ★ INSTRUCTIONS ★

In the space provided below, you are to write a brief report paying particular attention to **who, what, where, when, how** you witnessed this incident. Give full names and addresses of each person involved in this case. Be specific in your identification of the suspect, locations of merchandise, and the merchandise itself (Dept., stock # and Retail).

### ★ WITNESS STATEMENT ★

On the above date and time I observed an interview conducted by Bill Jansen. The associate admitted to several incidences of putting merchandise on layaway then cancelling the merchandise after being on for 30 days and then putting selected items back on layaway until the following month. Several items would continuously be rolled over for 6 months until an item was marked down low enough to save money. She stated that she has been doing this for approximately 4 years and caused a loss of approximately $2,000. She also stated that she knew the whole time that it was wrong. The associate was then served by the DM Amanda Cabrera and a promissory note was filled out.

WITNESS PRINT NAME: Mary-Aileen McCall    WITNESS SIGNATURE: Mary JO McCabe    DATE:

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dist. L.P. Super. / PINK - Dir. of L.P.

# LOSS PREVENTION INCIDENT NARRATIVE FORM

ITEM # 1216 Rev. 2/97
ITEM # LP000122

**INSTRUCTIONS:**
1. COMPLETE REPORT FORM WITH BLACK BALL POINT PEN.
2. PRINT CLEARLY.
3. INCLUDE ALL INCIDENT FACTS: WHO, WHAT, WHERE, WHEN AND HOW.
4. ATTACH INCIDENT DATA FORM AND OTHER APPLICABLE FORMS TO THIS REPORT.

**INCIDENT NUMBER:** 0805 89 05 0005
(CHAIN) (STORE) (YEAR) (LOG NUMBER)

**DATE OF INCIDENT:** 02 24 05 (MONTH/DAY/YEAR)
**TIME OF INCIDENT:** 1624 (MILITARY)
**DATE OF REPORT:** 06 23 05 (MONTH/DAY/YEAR)

PAGE ___ OF ___

On June 23, 2005 I, W. Janssen LPI for district 68 completed an interview with an associate from store 589. The Associate in question is Paulette Honick who had been employed by TJMaxx since 10/28/98. Paulette admitted to rolling over layaways and marking merchandise down below what it should have been. She said she had been doing this for the last 4 years even though she knew it was not right. She had said everyone in the store was doing this but would not give any names. She also said she knew that she was going to be spoken too about this. Paulette admitted to causing a Loss to TJ MAXX of $2000.00 and said she understood the policy and still did it. I had Paulette write a voluntary statement stating what she had done and she then signed the promissory note to pay back in full to TJMaxx the $2000.00 in monthly installments of $50.00 starting on July 15, 2005 until it was paid in full. DPM MARY MCCALL was present as a witness the whole time. When we were finished she was terminated by District manager Armando Cabrera.

REPORTING ASSOCIATE (CIRCLE ONE) LPDET LEAD SLPS DLPS/M RLPM MI HO LPDM RDLP RIM RDV SD
PRINT NAME & SIGNATURE: William Janssen / William Janssen

REVIEWED BY (CIRCLE ONE) DLPS/M RLPM HO LPDM RDLP RIM INV SD
SIGNATURE:

DISTRIBUTION: WHITE • STORE/YELLOW • HO/LP/PINK • REGIONAL OFFICE/GOLD • HO/HR

6/23/05

I Lorraine Serraino have put merchandise on layaway, cancelled and reput certain items on layaway again month to month. Not all merchandise was purchased or put back on layaway within the last year to a year and a half. The reason for this was to purchase the item at a marked down price. This was a very foolish thing to do And I apoliozes for doing this. I will never do this again for myself or any other T.J. Maxx associate. I do take pride in working for this company and have let down the T.J. Maxx company and all the associates I work with everyday. From here on in if I am to make a layaway I will not reput any merchandise back onto another layaway. I will purchase my layaway at the price, it is that month or cancel my layaway completly and only purchase what I want. Their are other associates who have also done this. The following associates have either redone a layaway for me or have done this themself. Paulette, Darlene, Eileen. Again I am very sorry for what I have done. I realize I have caused this company a loss of $700.00 and I will fully repay this amount.

Lorraine Serraino    6/23/05

Karen M. Durant    6-23-05

[signature]    6/23/05

**LOSS PREVENTION INCIDENT NARRATIVE FORM**

ITEM # 1218 Rev. 2/97

INSTRUCTIONS:
1. COMPLETE REPORT FORM WITH BLACK BALL POINT PEN.
2. PRINT CLEARLY.
3. INCLUDE ALL INCIDENT FACTS: WHO, WHAT, WHERE, WHEN AND HOW.
4. ATTACH INCIDENT DATA FORM AND OTHER APPLICABLE FORMS TO THIS REPORT.

INCIDENT NUMBER: 0 8 0 5 8 9 0 5 0 0 5 (CHAIN / STORE / YEAR / LOG NUMBER)

DATE OF INCIDENT: 02 24 05
TIME OF INCIDENT: 1624 (MILITARY)
DATE OF REPORT: 06 23 05
PAGE 1 OF 1

I District loss prevention manager William Ahern Interviewed Associate Lorraine Serraino Based on an ongoing investigation that had Be open for Serval months. The investigation showed that mrs. Serraino had Been Rolling over merchandise on layaway from month to month until she felt It had Been marked down enough At this point mrs. Serraino would then purchase the merchdise at the markdown price. Since all layaways are kept in the Back and company policy is that After 30 days a layaway must Be Returned to the selling Floor to Give ample opportinity For customers to purchase it Based on this information mrs. Serraino was spoken to At which time she stated to me she knew it was Wrong But since everyone else was doing it she felt she should to. She then apoligzed and told me she had Been doing This For more than a year she said she wasn't sure how long. She then admitted to causing a loss to TJ maxx of 700.00 mrs. Serraino was terminated And Release By management.

REPORTING ASSOCIATE (CIRCLE ONE) LPDET LEAD SLPS DLPSM/RLPM MI HO LPDM RDLP RIM INV SD
PRINT NAME & SIGNATURE: William Ahern

REVIEWED BY (CIRCLE ONE) DLPS/M RLPM HO LPDM RDLP RIM INV SD
SIGNATURE:

DISTRIBUTION: WHITE • STORE/YELLOW • HOLP/PINK • REGIONAL OFFICE

# TJ·maxx

FORM NB 337 REV. 10/85
SO-137

## LOSS PREVENTION WITNESS STATEMENT OF INCIDENT
(Please Print or Write Legibly)

STORE STAMP

CASE NO.: LP - _____

DATE: 6/23/05     TIME: 11:00  AM (circled)

WITNESS NAME: Mary-Aileen McCall     POSITION: DLPM

TYPE OF INCIDENT WITNESSED: Dishonest Associate Interview

### ★ INSTRUCTIONS ★

In the space provided below, you are to write a brief report paying particular attention to who, what, where, when, how you witnessed this incident. Give full names and addresses of each person involved in this case. Be specific in your identification of the suspect, locations of merchandise, and the merchandise itself (Dept., stock # and Retail).

### ★ WITNESS STATEMENT ★

On the above date and time I was a witness to a dishonest associate interview. During the course of the interview Lorraine Semano, Key Carrier, admitted to several incidences of taking merchandise, putting it on layaway and after the required time (30 days) would cancel the layaway and put back on. These items would stay on layaway for multiple months until it was old enough to be marked down. This was done in an effort to save money. She admitted that she knew it was against policy and wrong. She stated that she has been doing this for well over a year saving approximately $35 each month she purchased. Total estimated loss was established during the interview of $700.00. The associate was terminated for violation of company policy and causing a loss to the company.

WITNESS PRINT NAME: Mary-Aileen McCall     WITNESS SIGNATURE: Mary-Aileen McCall     DATE: 6/23/05

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dist. L.P. Super. / PINK - Dir. of L.P.

Witness - MARK BALLEW    [signature]
Witness - Julia Santiago  [signature] 6-23-05

I have had a discussion with Mark and Julia about shrink and the operational side of business. I explained store policy on store procedures for layaway, jewelry, customer service and backroom. Then we discussed how we did rollovers for layaways and how I haven't done it lately. Mr. Kaisen had told us to discontinue rolling over layaways so we wouldn't all get fired. How I, Ellen, Lorraine, Darlene, Carol, Pauletta and Phyllis have been doing rollover layaways for some time. I do understand that it causes a loss for the company. And to correct my mistake ~~and~~ I am willing to pay TJMaxx back all monies lost as a result of my rollovers. I have never freebagged or marked down merchandise that wasn't supposed to be. I'm very sorry for my actions and I will not let it happen again. I understand I caused a loss of $16,24.69.

# LOSS PREVENTION INCIDENT NARRATIVE FORM

**INSTRUCTIONS:**
1. COMPLETE REPORT FORM WITH BLACK BALL POINT PEN.
2. PRINT CLEARLY.
3. INCLUDE ALL INCIDENT FACTS: WHO, WHAT, WHERE, WHEN AND HOW.
4. ATTACH INCIDENT DATA FORM AND OTHER APPLICABLE FORMS TO THIS REPORT.

INCIDENT NUMBER: 0589 05 0006 (STORE / YEAR / LOG NUMBER)

DATE OF INCIDENT: 07/21/05
TIME OF INCIDENT: 1616 (MILITARY)
DATE OF REPORT: 07/23/05
PAGE 1 OF 1

On July 23rd I interviewed Eileen Conroy. After Eileen accurately explained policies and procedures related to the backroom, frontline and layaway, Eileen admitted that she had been rolling over layaways with five other associates (Darlene Leue, Lorraine, Paulette, Carol F, Phyllis).

Eileen stated that she has been rolling over layaways and causing losses to the company for over four years and that her part she caused a loss of $1,624.56 and she would pay back to TJ Maxx.

ASSOCIATE NAME & SIGNATURE: Mark Galler

REVIEWED BY: [signature]

DISTRIBUTION: WHITE - STORE/YELLOW • HOLP/PINK • REGIONAL OFFICE/GOLD • HORO

**tjmaxx**
NB 337 REV. 10/86
SO-137

## LOSS PREVENTION WITNESS STATEMENT OF INCIDENT
(Please Print or Write Legibly)

STORE STAMP

#589

NO.: LP- 08 0589 05 0006

DATE: 6/23/05    TIME: 11:00 AM/PM

WITNESS NAME: Julia Santiago    POSITION: S.L.P.S

TYPE OF INCIDENT WITNESSED: Interview

### ★ INSTRUCTIONS ★

In the space provided below, you are to write a brief report paying particular attention to who, what, where, when, how you witnessed this incident. Give full names and addresses of each person involved in this case. Be specific in your identification of the suspect, locations of merchandise, and the merchandise itself (Dept., stock # and Retail).

### ★ WITNESS STATEMENT ★

Julia Santiago was a witness for Mark Bal[lille] he Interviewed Eileen Conolly where she [fre]ely Admitted to rolling over lay-a-ways, and also Said that loraine, Darlene, Paulette, Phillis and Carol [a]re doing the same. So they can not pay full price [of] the Merchandise that she understood it was wrong and [rec]ently had been told by Store Manager Rick Kieser [to] Stop because he did not want to see them all Fired. [She] Said she had been doing this four years. and [ad]mitted too Approxiamatly Causing a lose or $1624.56. [She] was willing to repay the money. at no time did [she] not understand her actions. and she was terminated [by] District Mgr. Armando Cabrerra.

WITNESS NAME: Julia Santiago    WITNESS SIGNATURE: Julia Santiago    DATE: 6-23-05

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dist. L.P. Super. / PINK - Dir. of L.P.

# STATEMENT OF CONFESSION

TJX®
NP-331  7/84

___ OF ___

CASE NO: LP - _____

TIME: _____ AM / PM

STORE STAMP

NAME: _____

ADDRESS: _____

CITY: _____

STATE: _____ ZIP: _____

SUBJECT DATA

D.O.B.: _____

SSAN #: _____

PH. NO.: _____

new hires not trained well. not everyone rings rsisters. Alot of us have been here since store opened. I'm B/RC I do soal test when on truck I have people hanging clothes have a flat packer + have six people working backroom. if there is broken stuff I them out after truck is done. I go out so get the money back. we tagg 19.99 + above all certain name brands. I can work registers. refunds, Jewerly, lay-a-way. "I'm a Jack of all trades". lay-away/ Customer name & address scan items. no clearance. take payments. sign slips. multi if have lots of stuff." you have 30 days non refundable. c/o of enter sale. will be put back to floor. after 30 days. I know alot of the customers are. if they want to cancell lose the fee lay - what if they only want 3 out of 5 items. and want their money back? layaway - everyone get treated the same they lose their fee

SIGNATURE: _____    DATE: _____

WITNESSED BY: _____   TIME: _____ AM / PM

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dir. of L.P. / PINK - Dist. L.P. Super.

# STATEMENT OF CONFESSION

TJ MAXX
NB-331 7/84
1206

PAGE ___ OF ___    CASE NO: LP - _____

DATE: _____    TIME: _____ AM / PM

STORE STAMP

NAME: _____
ADDRESS: _____
CITY: _____
STATE: _____ ZIP: _____

SUBJECT DATA
D.O.B.: _____
SSAN #: _____
PH. NO.: _____

Clearence non reduced item on lay-a-way.
Associate layaways- put in names. Use their
SS#'s put them in seperate area same as
Customers 30 Days but we Don't pay Deposit.
1 lay-a-ways only. We take pull out of
lay-a-way, and put it Back on the Floor.
What if you still want the Merch? - put it Back on
floor or call a manager and Extend it a
day or two. Can't Hold it any more it goes
Back.
Do u understand why? - because we can't hold
it any longer. Cause it will get
Marked down. And we lose money and
buy it gets markdown again.

SIGNATURE: _____    DATE: _____
WITNESSED BY: _____    TIME: _____ AM / PM

DISTRIBUTION:  WHITE - Store Copy / YELLOW - Dir. of L.P. / PINK - Dist. L.P. Super.

Case 2:07-cv-03282-JS -WDW   Document 59-6   Filed 07/02/10   Page 13 of 19   020/032

# STATEMENT OF CONFESSION

T-maxx

FORM NB-331 7/84
ITEM #1208

PAGE ___ OF ___   CASE NO: LP - _____

DATE: _____   TIME: _____ AM / PM

STORE STAMP

NAME: _____
ADDRESS: _____
CITY: _____
STATE: _____ ZIP: _____

SUBJECT DATA
D.O.B.: _____
SSAN #: _____
PH. NO.: _____

basically roll it over form one month to another. cause I can't afford to pay for it.

I havn't done it latly cause Rick asked us not to we shouldn't be doing it. He said he dosn't want to see us get fired. I started a long time ago. before 9-11. I don't remember who started. Darlene but we all Do it. About 4 years Paulette —
Loraine
Phyllis — Carol they are not here today one is home sick the other is home with kids. Phyllis started later. She learned form hearing us talking.
Q- who Does the most? - lorraine then Darlene the Paulette. are the most.

SIGNATURE: _____
WITNESSED BY: _____
DATE: _____
TIME: _____ AM / PM

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dir. of L.P. / PINK - Dist. L.P. Super.

I am an associate at the Kings Park TJ Maxx.

Within the past 5-6 months, I have put some items back on layaway because with the cut in hours that has been extended from Jan. to May, I could not afford to purchase all the merchandise. I have cancelled layaways and purchased what I could but did not want to put back all the items so I wanted the opportunity to still be able to purchase them. I now understand that this is not to be done and I have not done it recently.

I now understand that the company's policy is for the merchandise to be returned to the sales floor for purchasing.

Darlene Lelle
Karen M. Durant  6/23/05
[signature]
6-23-05

Witness: Kevin Gineco
[signature]
6/23/05

## LOSS PREVENTION INCIDENT NARRATIVE FORM

ITEM # 1216 Rev. 2/97
ITEM # LP000122

**INSTRUCTIONS:**
1. COMPLETE REPORT FORM WITH BLACK BALL POINT PEN.
2. PRINT CLEARLY.
3. INCLUDE ALL INCIDENT FACTS: WHO, WHAT, WHERE, WHEN AND HOW.
4. ATTACH INCIDENT DATA FORM AND OTHER APPLICABLE FORMS TO THIS REPORT.

**INCIDENT NUMBER:** 09 0589 05 0004 (CHAIN / STORE / YEAR / LOG NUMBER)

**DATE OF INCIDENT:** 06 23 05

**TIME OF INCIDENT:** 1130 (MILITARY)

**DATE OF REPORT:** 06 23 05

PAGE 1 OF 1

I, Kevin Gillece, Investigator for Division 64 give this statement: Today, June 23, 2005 at approximately 1130 am, I had a conversation with merchandise coordinator Daquine Lelle about her purchase and return activity in layaway over the past several months. Daquine explained layaway policy procedures concerning purchases, payments and cancellations. She was very clear on company policy regarding the layaway rules. She explained to me that no markdown merchandise ever goes on layaway, customer or employee. During the course of my conversation Daquine admitted to me that she cancels layaways after 30 days, and reopens new layaways with the same merchandise. She also admitted to me that on multiple occasions, she would continue to do this cancellation / reopen procedure until the price of the item she wanted was an acceptable and affordable price. She explained to me that she did this because her hours had been cut, and the reduced pay was getting difficult for her to stretch her layaways out over several months to make it more affordable for her. She later agreed with me as to how this violated company policy and how it caused a shrinkage or loss. She stipulated to the amount of $195.00 in difference of price, but refused "in good faith" to pay back the difference because she felt that she did not steal the item, but in fact, paid for it. She wrote out a statement of admission to violating company policy and was terminated by District Manager Armando Cabrera in my presence, and was released. She did mention to Mr. Cabrera that he might be seeking legal counsel because of a prior incident. She was then released.

REPORTING ASSOCIATE (CIRCLE ONE) LPDET LEAD SLPS DLPSM RLPM MI HO LPDM RDLP RIM INV SO
NAME & SIGNATURE: Kevin Gillece / K. Gillece
REVIEWED BY (CIRCLE ONE) DLPSM RLPM HO LPDM RDLP RIM INV SO
SIGNATURE:
DISTRIBUTION: WHITE • STORE/YELLOW • HOLP/PINK • REGIONAL OFFICE/GOLD • HOBO

**T·J·maxx**
FORM NB 337 REV. 10/85
SO-137

## LOSS PREVENTION WITNESS STATEMENT OF INCIDENT
(Please Print or Write Legibly)

STORE STAMP

CASE NO.: LP. 08-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

DATE: 6/23/05   TIME: 13:11   AM/(PM)

WITNESS NAME: Karen M. Durant   POSITION: Lead Detective Store 657# Pok. NY

TYPE OF INCIDENT WITNESSED: Associate Interview

### ★ INSTRUCTIONS ★

In the space provided below, you are to write a brief report paying particular attention to who, what, where, when, how you witnessed this incident. Give full names and addresses of each person involved in this case. Be specific in your identification of the suspect, locations of merchandise, and the merchandise itself (Dept., stock # and Retail).

### ★ WITNESS STATEMENT ★

I Karen M. Durant Lead Detective for TJ maxx 657# did witness LPI Kevin Gillece (Dist 64#) conduct an Associate Interview on an Associate later known to me as Darlene Leite. Ms. Leite was being interviewed today by Kevin as she had questionable illegal activity with some of her layaway purchases. Upon being interviewed the subject did admit she put several layaways on, then had them cancelled out before the pickup date, she would have put the same items back on and when markdown time came, mark the mdse down so that it was reduced for her benifit. Incurring a loss to the store. The total amount the suspect admitted to depriving TJ maxx is $1459? which the subject signed statement to. She would not however pay TJ maxx back as she did not think it was wrong. Kevin advised her misuse of the Associate purchase/layaway system was a violation of company policy. The subject signed a statement to the fact and was then terminated by store mgmt. end

WITNESS PRINT NAME: Karen M. Durant   WITNESS SIGNATURE: [signature]   DATE: 6/23/05

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dist. L.P. Super. / PINK - Dir. of L.P.

On July 1" 2005, I Carol Hobel agree to pay back $75.00 for roll over lay-aways at T.J. Maxx. After asking Eileen if we could do that again her saying yes. I should have double checked with management instead of taking her word for it. I'm sorry, I understand, I caused a loss to T.J. Maxx. 7-11-05  Carol H. Hobel

witness: William Jonsson 7-11-05
witness: L. Wachtel 7/11/05

# LOSS PREVENTION INCIDENT NARRATIVE FORM

ITEM # 1216 Rev. 2/97

INSTRUCTIONS:
1. COMPLETE REPORT FORM WITH BLACK BALL POINT PEN.
2. PRINT CLEARLY.
3. INCLUDE ALL INCIDENT FACTS: WHO, WHAT, WHERE, WHEN AND HOW.
4. ATTACH INCIDENT DATA FORM AND OTHER APPLICABLE FORMS TO THIS REPORT.

INCIDENT NUMBER: 08 0589 05 0008
(CHAIN) (STORE) (YEAR) (LOG NUMBER)

DATE OF INCIDENT: 02 25 05
TIME OF INCIDENT: 1430 (MILITARY)
DATE OF REPORT: 07 11 05

PAGE 1 OF 1

On July 11, 2005 I, W. Jansson LPI for District 68 interviewed an associate from store 589: Carol Hobel for doing layaway rollovers. Carol admitted to on various occassions to putting merchandise on layaway and rolling it for months until it was marked down to the lowest price for her to purchase. She admitted to asking another associate last year if it was okay to do even though she knew it was not the correct way of completing a layaway. She admitted to signing off on the policy and procedure form that she understood the policy. She said that she first did this in the month of August 2004. Carol admitted that she cost TJ Maxx in losses of $75.00 by doing these layaway rollovers. Carol said she would put merchandise on layaway and continue to roll it over without removing the merchandise to go back onto the sales floor for the appropriate amount of time before putting it back on layaway. She then made the purchases a couple of months later. I had Carol write a voluntary statement stating what she done the best way she knew how to explain what she did. Carol then signed the promisary note agreeing to pay back to TJ Maxx the $75.00. After all paperwork completed Carol was released, termination on July 11, 2005.

REPORTING ASSOCIATE (CIRCLE ONE) LPDET LEAD SLPS DLPSM RLPM MI HO LPDM RDLP RIM INV SD

PRINT NAME & SIGNATURE: William Jansson / William Jansson

REVIEWED BY (CIRCLE ONE) DLPSM RLPM HO LPDM RDLP RIM INV SD

SIGNATURE:

DISTRIBUTION: WHITE • STORE/YELLOW • HOLP/PINK • REGIONAL OFFICE

**T·J·maxx**
ITEM# 1209 REV. 10/85

## LOSS PREVENTION WITNESS STATEMENT OF INCIDENT
(Please Print or Write Legibly)

STORE STAMP

CASE NO.: LP- 080589050008
DATE: 7/11/05     TIME: 12:15  AM / **PM**
WITNESS NAME: LORI WACHTEL     POSITION: Asco. Store Mang.
TYPE OF INCIDENT WITNESSED: _____

### ★ INSTRUCTIONS ★

In the space provided below, you are to write a brief report paying particular attention to who, what, where, when, how you witnessed this incident. Give full names and addresses of each person involved in this case. Be specific in your identification of the suspect, locations of merchandise, and the merchandise itself (Dept., stock # and Retail).

### ★ WITNESS STATEMENT ★

I Lori Wachtel witnessed LPI Bill Janeson do an interview with Carol Hobel about some layaway rollovers that were done. Carol had been taking layaways rolling item over from month to month and buying the items at markdown prices. She ~~verbally~~ admitted to doing this causing the comp. to lose $75. Carol signed all papers and was termed.

Lori Wachtel

WITNESS PRINT NAME: L. WACHTEL     WITNESS SIGNATURE: (signed)     DATE: 7/11/05

DISTRIBUTION: WHITE - Store Copy / YELLOW - Dist. L.P. Super. / PINK - Dir. of L.P.