UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x

EILEEN CONNOLLY, PAULETTE HONICK,   : **ECF CASE**
DARLENE LELLE, and LORRAINE SERRAINO, :
: 07-CV-3282 (JS) (WDW)
Plaintiffs, :
:
-against- :
: **DECLARATION OF**
THE TJX COMPANIES, INC., RICK KAISER, and : **STEVE FORGETTE**
ARMANDO CABRERA, :
:
Defendants. :
:
---------------------------------x

STATE OF NEW YORK   )
                    )  s.s.:
COUNTY OF NEW YORK  )

  **STEVE FORGETTE**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing is true and correct:

  1. I am currently employed as an Assistant Vice President, Loss Prevention Director with The TJX Companies, Inc. ("TJX"), which operates T.J. Maxx retail stores throughout the Unites States selling discount merchandise such as apparel, domestics, jewelry and accessories. I have held this position since May 2007 and have been an employee of TJX since May 2007. I am fully familiar with the facts set forth in this affidavit, which I offer in support of Defendants' Motion for Summary Judgment.

  2. TJX maintains a Loss Prevention Department, which is responsible for minimizing the extent to which individual stores, and the company as a whole, loses money due to theft or loss of assets.

1

3. To accomplish this, the Loss Prevention Department employs investigators, who engage in activities such as undercover surveillance of customer and employee activities.

4. Upon being hired, Loss Prevention employees attend an approximately five week long orientation and training program through which they receive both classroom and role play training in the policies and procedures of Loss Prevention.

5. Loss Prevention investigators and staff are reviewed and supervised by District Loss Prevention Managers.

6. Loss Prevention investigators can start any investigation that they deem necessary, at any time, with support and communication from and to their District Loss Prevention Manager.

7. From a review of relevant documents, I know that in early 2005, the Loss Prevention Department, and a Loss Prevention investigator named Bill Ahern, in particular, commenced an investigation into the layaway practices of employees at a T.J. Maxx retail location in Kings Park, New York, after being alerted to suspicious layaway activity by Karen Hennessey, a former Regional Analyst in the Loss Prevention Department.

8. I understand that as part of standard procedure, at the time, the Loss Prevention personnel traced and reviewed patterns of layaways, markdowns and purchases of specific employees at TJX's Kings Park location that appeared in an "exception report" produced by Karen Hennessey. This investigation revealed that Eileen Connolly, Paulette Honick, Carol Hobel, Phyllis Ferraro, Lorraine Serraino, and Darlene Lelle violated TJX's layaway policy by "rolling over" merchandise on layaway beyond the 30-day limit imposed by the policy. The effect of this practice was to allow them to take advantage of successive discounts to merchandise, and to cause financial loss to the store by preventing the store from selling the merchandise for a higher price.

_____
FORGETTE

Executed on September 7, 2010

2

12650008v.2